**HESS OIL VIRGIN ISLANDS CORP., Plaintiff**

**v.**

**INGERSOLL–RAND COMPANY,**
**Defendant-Third-Party Plaintiff**

**v.**

**UNIVERSAL OIL PRODUCTS COMPANY, LITWIN CORPORATION and CREOLE PRODUCTION SERVICES, INC., Third-Party Defendants**

Civil No. 1979-178

District Court of the Virgin Islands

Div. of St. Croix

February 9, 1981

BRITAIN H. BRYANT, ESQ. (BRYANT AND LENAHAN), Christiansted, St. Croix, V.I., *for plaintiff*

GEOFFREY W. BARNARD, ESQ. (ISHERWOOD, BARNARD & DIEHM), Christiansted, St. Croix, V.I., *for defendant*

DAVID O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for third-party defendant Litwin*

JOEL MARSH, ESQ., St. Thomas, V.I., *for third-party defendant Universal*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on a slew of motions. Plaintiff, Hess Oil Virgin Islands Corporation (HOVIC) moves to strike defendant Ingersoll-Rand Company's (I.R.Co.) second affirmative defense. I.R.Co. moves to transfer this cause to the United States District Court for the District of New Jersey. Litwin Corporation (a third-party defendant) seeks dismissal of the third-party complaint on the ground that it fails to state a cause of action. See Fed. R. Civ. P. 12(b)(6). Finally, United Oil Products Company (U.O.P.), another third-party defendant, moves to dismiss the third-party complaint alleging that service was improperly effected, the complaint was untimely filed, and, in any event fails to state a claim. Except for HOVIC's motion to strike, all motions will be denied.

### HOVIC'S MOTION

■ HOVIC's motion to strike I.R.Co's. second affirmative defense will be granted. That defense was previously raised as a specific denial and, therefore, its allegations need not be affirmatively pleaded. Furthermore, I.R.Co. offers no opposition to the motion.

### I.R.CO.'S MOTION

In moving for the transfer of this cause to the District Court for the District of New Jersey, I.R.Co. contends that a transfer would best serve the interests of the parties, the witnesses and justice. We disagree.

■ In Abramson v. INA Capital Management Corp., 459 F.Supp. 917 (E.D.N.Y. 1978), the court enumerated factors a judge should consider when entertaining a motion to transfer. They are: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the availability of process to compel the attendance of witnesses; (4) the cost of obtaining witnesses; (5) the accessibility of proof; (6) the most inexpensive and expeditious location; (7) the situs of the major events; and (8) the interest of justice. Id. at 921.

■ After considering the various factors we find St. Croix to be the most convenient forum. All of the parties are corporate entities. We see no undue hardship or prejudice in trying the case in the Virgin Islands.[1] Many of the witnesses will be from St. Croix. The attendance of nondomiciliary witnesses should cause no particular

---

[1] Indeed since Judge Meaner has agreed to handle discovery disputes in New Jersey the inconvenience of actually trying the case in St. Croix is lessened.

problems as for the most part, they are employees of the defendants or experts hired for this trial. Additionally, the alleged malfunction of the compressor occurred here, and, moreover, it is the law of the Virgin Islands that will be applied at trial. Finally, we note that the duplicate suit in New Jersey was dismissed on October 14, 1980. It is for the foregoing reasons that I.R.Co.'s motion to transfer will be denied.

## LITWIN'S MOTION

Litwin moves this Court to dismiss the third-party complaint because it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Specifically, Litwin contends that I.R.Co. has failed to assert facts showing that it may be liable to I.R.Co. rather than HOVIC. See Fed. R. Civ. P. 14(a).

In considering a 12(b)(6) motion, the Court must construe the complaint liberally and consider all factual allegations as true. I.R.Co. maintains that Litwin's negligence was the proximate cause of the refinery fire. For the purposes of this motion, that allegation must be deemed true.

A third-party claim may be asserted under Rule 14(a) of the Federal Rules only when the third party's liability is dependent upon the outcome of the main claim or when secondary liability exists. See Commodity Futures Trading Comm. v. Hunt, 591 F.2d 1211, 1224 (7th Cir. 1979); Parr v. Great Lakes Express Co., 484 F.2d 767 (7th Cir. 1973).

Under the Virgin Islands Comparative Damages Statute, 5 V.I.C. § 1451(d), contribution between tortfeasors is allowed. See Gomes v. Brodhurst, 394 F.2d 465 (3d Cir. 1967); Beloit Power Systems, Inc. v. Hess Oil Virgin Islands Corp., 18 V.I. 317 (D.V.I. 1981). Third party actions for contribution are allowable under Rule 14(a) C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE Civil § 1446 at 246 (1971). Therefore, I.R.Co.'s action is maintainable in this Court, and consequently will be denied.

## U.O.P.'S MOTION

U.O.P. asserts that the third-party complaint against it should be dismissed because service was improper, the complaint was untimely filed, and the complaint fails to state a claim upon which relief may be granted. The motion will be denied in all respects.

U.O.P.'s motion is frivolous and wholly without merit. U.O.P. maintains that service was improper because the Virgin Islands.

long arm statute is only available to residents. See 5 V.I.C. § 4911. We find U.O.P.'s restrictive view to be untenable. The Virgin Islands long arm statute has been given the broadest interpretation permissable under the Constitution. Hendrickson v. Reg O Co., 17 V.I. 457 (D.C.V.I. 1980). U.O.P.'s position finds support in neither the statute, the legislative history, nor judicial interpretations. Accord Biltmore Moving & Storage Co. v. Shell Oil Co., 606 F.2d 202 (7th Cir. 1979).

U.O.P.'s second assertion is that the actual service of process was improper because it was served by certified mail and not by personal service as ordered on October 28, 1980. Because U.O.P. was personally served on November 6, 1980, we consider the motion moot.

U.O.P.'s third assertion is that I.R.Co. filed its third-party complaint out of time. We point to this Court's order of November 7, 1980 to refute that contention. In that order the time for filing the complaint was extended until November 9, 1980. The complaint was filed prior to November 9 and therefore the motion is meritless.

Finally, U.O.P. contends that the complaint fails to state a claim upon which relief may be granted. The short answer is that I.R.Co. asserts sufficient facts in its complaint to maintain a cause of action.

## ORDER

The premises considered and the Court being duly advised

IT IS ORDERED that Hess Oil Virgin Islands Corp.'s motion to strike Ingersoll-Rand Co.'s second affirmative defense be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that Ingersoll-Rand Co.'s motion to transfer this cause be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that Litwin Corp.'s motion to dismiss the third-party complaint be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that Universal Oil Product Co.'s motion to dismiss the third-party complaint be, and the same is hereby, DENIED.