BLACK, JACKSON AND SIMMONS INSURANCE BROKERAGE, INC., a/k/a Black & Jackson Insurance Brokers, Inc., *et al.*, Plaintiffs-Appellants, *v.* INTERNATIONAL BUSINESS MACHINES CORPORATION *et al.*, Defendants-Appellees.

First District (4th Division)   No. 81—1363

Opinion filed September 9, 1982.

James L. Hardemon, of Meyer & Frost, of Chicago, for appellants.

David L. Schiavone, of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee International Business Machines Corporation.

Friedman & Koven, of Chicago (Robert J. Rubin and Herbert L. Zarov, of counsel), for appellee Lubin Bergman Organization, Inc.

JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Black, Jackson & Simmons Insurance Brokerage, Inc. (Black, Jackson), brought this action against the defendants, In-

ternational Business Machines Corporation (IBM), and Lubin-Bergman Organization, Inc. (Lubin-Bergman). Black, Jackson asserts that its complaint against both defendants is based upon negligent misrepresentations which induced Black, Jackson to purchase a computer from IBM and a software package from Lubin-Bergman. It seeks to recover economic losses in the form of lost profits, salaries, office supplies and accounting and leasing expenses which it incurred as a result of the failure of the system to function as expected. The trial court granted summary judgment in favor of IBM and Lubin-Bergman and against Black, Jackson on the grounds that Illinois law does not permit recovery of purely economic losses in a tort action. A separate count alleging breach of warranty against Lubin-Bergman is still pending in the trial court and is not involved in this appeal.

Black, Jackson makes the following allegations in its complaint. It contacted representatives of IBM to discuss the possibility of using a computer to assist the corporation in its insurance business. IBM recommended that Black, Jackson purchase an IBM System 32 computer and related IBM programs. IBM further recommended that Black, Jackson purchase the necessary software for the computer system from Lubin-Bergman. Representatives of Black, Jackson were taken to Lubin-Bergman's offices and given the opportunity to observe a complete data processing system. Based upon representations that this type of system would be satisfactory for its needs, Black, Jackson entered into contracts with IBM and Lubin-Bergman. In fact, the System 32 computer sold to Black, Jackson had a smaller computer disc and a slower printer and could not interface with the Lubin-Bergman software. Black, Jackson alleges essentially that IBM and Lubin-Bergman were negligent in representing that they were skilled and competent and able to supply Black, Jackson with a suitable data processing system. Black, Jackson's economic losses flow from the inadequacy of this system.

The main issue in this appeal is whether the facts alleged in the case at bar state a cause of action for negligent misrepresentation which will enable Black, Jackson to recover purely economic losses. We do not believe a cause of action is stated.

In *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, the Illinois Supreme Court recently held that purely economic losses cannot be recovered under claims sounding in tort. The court stated that the law of sales and the law of contracts were well-articulated and sufficient to govern the economic relations between suppliers and consumers of goods. As part of the basis for its opinion, the *Moorman* court adopted the following rea-

soning from *Seeley v. White Motor Co.* (1965), 63 Cal. 2d 9, 18, 403 P.2d 145, 151, 45 Cal. Rptr. 17, 23:

> "The distinction that the law has drawn between tort recovery for physical injuries and warranty recovery for economic loss \*\*\* rests \*\*\* on an understanding of the nature of the responsibility a manufacturer must undertake in distributing his products. He can appropriately be held liable for physical injuries caused by defects by requiring his goods to match a standard of safety defined in terms of conditions that create unreasonable risks of harm. He cannot be held for the level of performance of his products in the consumer's business unless he agrees that the product was designed to meet the consumer's demands. A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will. Even in actions for negligence, a manufacturer's liability is limited to damage for physical injuries and there is no recovery for economic loss alone." (91 Ill. 2d 69, 80-81, 435 N.E.2d 443, 448.)

If the courts allow parties to circumvent their contractual remedies by suing in tort, the ability of contracting parties to allocate and bargain for risk of loss will be effectively destroyed and certainty in commercial transactions will be radically undermined. Tort law should thus be reserved to remedy hazards peripheral to the product's function, that is, those which were not in the forefront of the minds of the contracting parties. *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 97, 435 N.E.2d 443, 455 (Simon, J., specially concurring).

*Moorman* does, however, enumerate certain exceptions to the general rule prohibiting recovery of economic losses in tort, and it is one of these exceptions which forms the basis for the plaintiff's argument on appeal. The *Moorman* court stated that "economic loss is recoverable where one intentionally makes false representations (*Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282), and where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations (*Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656)." (91 Ill. 2d 69, 88-89, 435 N.E.2d 443, 452.) The plaintiff argues that its cause of action is based upon negligent misrepresentation and therefore falls within the second above-quoted exception to the *Moorman* rule.

■■ In addressing the merits of this argument, it is helpful to examine the situations in which Illinois law has been considered concerning recovery of economic losses in a tort action. For the most part, the cases have relied upon the Restatement (Second) of Torts, section 552, which is entitled "Information Negligently Supplied for the Guidance of Others." Section 552 provides in part as follows:

"One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Restatement (Second) of Torts sec. 552 (1977).)

The case of *Penrod v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1979), 68 Ill. App. 3d 75, 385 N.E.2d 376, concerned a stockbroker who was alleged to have negligently supplied incorrect information. The *Penrod* court construed section 552 as meaning that *"[i]f it is one's business to supply information* and if that information is negligently supplied *** the supplier can be liable for the resultant damages." (Emphasis added.) (68 Ill. App. 3d 75, 81, 385 N.E.2d 376, 381.) This construction of the tort was followed in *National Can Corp. v. Whittaker Corp.* (N.D. Ill. 1981), 505 F. Supp. 147. In *National Can Corp.*, the plaintiff, a manufacturer of bottle caps, sued a supplier of compounds used in making the caps based upon negligent misrepresentations concerning the fitness of the compounds. The court held that although an action for negligent misrepresentation is recognized in Illinois, such suits are limited to situations involving one who in the course of his business or profession supplies information for the guidance of others in their business relations with *third parties.* The Illinois Supreme Court in the *Moorman* case confirmed the interpretation of negligent misrepresentation espoused in *Penrod* and *National Can Corp.* by specifically limiting the recovery of economic losses in negligent misrepresentation actions to situations in which *"one who is in the business of supplying information* for the guidance of others in their business transactions makes negligent representations." (Emphasis added.) 91 Ill. 2d 69, 89, 435 N.E.2d 443, 452.

■■ In the context of this case, there are two significant features. First, the defendant must supply the information in the course of his business and second, the information must be supplied for the guidance of others in their business transactions. While section 552 of the Restatement (Second) of Torts says that liability arises when one "in

the course of his business" supplies false information for the guidance of others, *Moorman* and *Penrod* have construed that section to mean that the defendant must be in the business of supplying information. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 89, 435 N.E.2d 443, 452; *Penrod v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1979), 68 Ill. App. 3d 75, 81, 385 N.E.2d 376, 381.) Neither of the defendants in the case at bar was in the business of supplying information. They were selling merchandise directly to Black, Jackson.

The second significant aspect of this case concerns the requirement that the information supplied shall be "for the guidance of others in their business transactions." That requirement is considered specifically in *National Can Corp.*, where the court stated that suits for negligent misrepresentation are limited to situations involving one who in the course of his business or profession supplies information for the guidance of others in their relations with third parties. The information allegedly supplied here by IBM and Lubin-Bergman was not supplied for the guidance of Black, Jackson in its dealings with others.

Black, Jackson makes a claim in its brief that Terry E. Simmons, its president, suffered emotional distress as a result of the computer system's failure. However, it does not appear that Simmons is a party to this action. Although his name appears in a caption of the second amended complaint, he is not identified as a plaintiff in the body, preamble or prayer of the complaint. The only plaintiff in this cause is Black, Jackson and Simmons Brokerage, Inc. A corporation cannot sustain emotional distress.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON, P. J., and ROMITI, J., concurring.