**UNITED STATES WELDING,
INC., Plaintiff,**

v.

**BURROUGHS CORPORATION,
Defendant.**

Civ. A. No. 81–K–745.

United States District Court,
D. Colorado.

June 26, 1984.

Leigh Lutz, Stephen Berkowitz, Lutz & Berkowitz, Denver, Colo., George Hamman, Hamman, Benn & Miller, Chicago, Ill., for plaintiff.

Bruce A. Featherstone, Kirkland & Ellis, Stephen Johnson, Rothgerber, Appel & Powers, Denver, Colo., for defendant.

## MEMORANDUM AND ORDER

KANE, District Judge.

This case requires determination of whether Colorado recognizes a cause of action in tort for negligent misrepresentation when the transaction in issue is covered by warranty provisions of the Uniform Commercial Code and when the only damages asserted involve economic loss and not physical injury.

This lawsuit arises out of plaintiff's lease of a computer system and operating software from the defendant. Following dissatisfaction with the contract, plaintiff returned the computer and now seeks damages alleging violations of the Colorado Consumer Protection Act, fraud, negligent misrepresentation, and breach of an implied warranty of fitness. The third claim for relief, negligent misrepresentation, is based upon the theory of the Restatement (Second) of Torts § 552 (1976), which provides:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) . . . the liability stated in Subsection (1) is limited to loss suffered by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it
> . . . .

Defendant has filed a motion to dismiss, or in the alternative a motion for summary judgment, claiming that the tort of negligent misrepresentation provides no legal basis for relief in a situation such as this where the defendant alleges solely economic loss and where the transaction is governed by provisions of Article 2 of the Uniform Commercial Code, Colo.Rev.Stat. §§ 4–2–101 to 725 (1973 & Supp.1983). Defendant claims alternatively that the Restatement (Second) of Torts § 552 provides for relief only where there is actual physical injury to persons or property arising

out of negligent misrepresentations or that relief under § 552 is precluded by available contract remedies under Article 2, which are exclusive. Examination of these issues requires consideration of factors outside the pleadings as to the source of plaintiff's damage claims. Defendant's motion is, therefore, governed by the provisions of Fed.R.Civ.P. 56.

Jurisdiction is based upon diversity of citizenship. Both parties suggest, and I agree, that Colorado law governs. The Colorado Supreme Court has yet to deal with a case involving tort claims under § 552. The Colorado Court of Appeals has, however, explicitly adopted the rationale of § 552 in *First National Bank in Lamar v. Collins,* 44 Colo.App. 228, 616 P.2d 154 (1980). In that case the court recognized a cause of action for negligent misrepresentations concerning a contract to open and operate an auto supply store. Similarly, in *Robinson v. Poudre Valley Fed. Credit Union,* 654 P.2d 861 (Colo.App.1982) the Court of Appeals recognized a claim for relief for negligent misrepresentation surrounding a contract for a loan and transfer of funds.

In suggesting that relief under the theory of § 552 is limited to recovery for physical injury, defendant relies on cases from several jurisdictions, including Colorado, which so limit strict liability recovery for negligent representations under the logic of Restatement (Second) of Torts § 402 (1965). *See Moorman Mfg. Co. v. Nat'l Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443, 440–50 (1982); *Seeley v. White Motor Co.,* 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145, 151 (1965); *Hiigel v. General Motors Corp.,* 190 Colo. 57, 65, 544 P.2d 983 (1975). The comparison of § 552 and § 402 is inapposite. The Restatement specifically limits recovery under § 402 to "physical harm ... caused to the ultimate· user or consumer or to his property...." Section § 552, however, recognizes "liability for pecuniary loss." The drafters of the Restatement did not make this distinction by oversight. They recognized that courts would allow for recovery of economic losses in addition to physical losses only if the

basis for recovery were more restricted than the strict liability standards under § 402. Comment A to § 552 thus states:

> Although liability under the rule stated in this Section is based upon negligence of the actor in failing to exercise reasonable care or competence in supplying correct information, the scope of his liability is not determined by the rules that govern liability for the negligent supplying of chattels that imperil the security of the person, land or chattels of those to whom they are supplied, or other negligent misrepresentation that results in physical harm. When the harm that is caused is only pecuniary loss, the courts have found it necessary to adopt a more restricted rule of liability ... (citations omitted).

Accordingly, Colorado law incorporates the Restatement standard limiting recovery under the logic of § 552 to misrepresentations made negligently to individuals in some form of privity.

Defendant refers this court to *Black, Jackson & Simmons Insurance Brokerage, Inc. v. Int'l Business Machines Corp.,* 109 Ill.App.3d 132, 64 Ill.Dec. 730, 440 N.E.2d 282 (1982) which specifically restricts recovery in Illinois under § 552 to cases alleging some sort of physical injury to people or property. This case is inconsistent with the logic underlying § 552, which permits recovery for economic losses only, and Colorado law. Clearly, neither *First National Bank in Lamar,* supra, nor *Robinson,* supra, preclude recovery for negligent misrepresentations where the plaintiff alleges only economic loss.

Following the logic of *Moorman,* supra, and *Black, Jackson & Simmons Ins. Brokerage,* supra, defendant also argues that claims in tort for negligent misrepresentation are superseded by contract warranties under the UCC. Since Colorado recognizes the tort of negligent misrepresentation, it is not essential that the plaintiff forego that remedy simply because an analogous claim would lie in contract. In the context of tort allegations under Restatement § 402B, the Colorado Supreme Court held that a tort claim on a theory of strict liability for misrepresentations was not

foreclosed by statutory provision of express contractual remedies. *American Safety Equip. Corp. v. Winkler*, 640 P.2d 216, 221 (Colo.1982). Similarly, the Court of Appeals in recognizing a cause of action for negligent misrepresentations, in contexts where only economic losses are claimed, did not preclude such claims when alternative common law contract remedies also existed. *See Robinson*, supra. Under Colorado law, claims under the theory of Restatement (Second) of Torts § 552 which allege no physical harm are not precluded by contemporaneous claims sounding in contract.

The defendant's motion to dismiss plaintiff's third claim for relief for negligent misrepresentation is denied.