UNITED STATES of America, Plaintiff

v.

SHAWNEE, INC. and West of England Ship Owners Mutual Protection and Indemnity Association, *In Personam,* and the M/V AGAPI, Her Engines, Boilers, Tackle and Appurtenances, In Rem, Defendants.

No. 85 Civ. 0520 (CLB).

United States District Court, S.D. New York.

May 17, 1985.

Thomas Murphy, U.S. Dept. of Justice, New York City, for plaintiff.

Patrick J. Bonner, Freehill, Hogan & Mahar, New York City, for defendants.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By this action filed on January 22, 1985 by the United States under § 311 of the Federal Water Pollution Control Act ("FWPCA" or "the Act"), 33 U.S.C. § 1321, the government seeks to recover $27,721.51 and interest, expended in oil clean-up by the U.S. Coast Guard said to arise from an unlawful discharge by the M/V AGAPI on February 8, 1980 on the Mystic River at Charlestown, Massachusetts while the vessel was discharging raw sugar in bulk at the Amstar Terminal. The vessel denies responsibility. Defendants include the vessel *in rem*, the then owner of the vessel, Shawnee, Inc., and the P & I club which provided the Certificate of Financial Responsibility for the vessel in accordance with § 311(p) of the Act.

By motion heard and fully submitted on April 29, 1985, defendants seek to dismiss the action as time barred. There is insufficient proof before me to support a finding of laches, and it is doubtful that defendants could prevail on that point. The P & I club issued a Letter of Understanding on the authority of the same attorneys now appearing for defendants, on February 11, 1980. A litigation statement was taken from the Master of the vessel on the same day by the attorneys. The Coast Guard issued an invoice to the Owner on March 24, 1983. Detriment or prejudice from the subsequent delay in bringing suit is not a factor in this case.

We consider only then, the issue of the statute of limitations. The Act itself contains no specific statute of limitations. Liability to reimburse actual costs of clean-up operations attaches only in the event that the owner or operator of the discharging vessel fails to undertake reasonable and proper clean-up operations. As of February 8, 1980 the government, through the Coast Guard, knew of the oil spill and regarded the AGAPI as the likely source, having boarded the vessel to inspect and to take oil samples. The vessel had denied responsibility and refused to conduct its own clean-up. The claim sued on here arose on or close to that date.

This Court agrees that this is essentially an action for restitution, to recover money expended to discharge the duty of clean-up imposed by law on the alleged polluter in the first instance, which the polluter did not perform although obligated to do so. The Coast Guard having performed in its stead, is entitled, under the statute, to be reimbursed. This does not appear to be a tort-founded action, but rather an action in quasi-contract, or a contract which became implied in law in light of the statute, when the vessel owner declined to clean-up and the Coast Guard then did so as required by law. The Fifth Circuit shares this view. *United States v. P/B STCO 213,* 756 F.2d 364 (5th Cir.1985). Such a conclusion invokes the six year statute of limitations under 28 U.S.C. § 2415(a). The Court does not believe that the introduction, by sponsors of the Act, of H.R. 1232, now pending but not yet adopted, is entitled to any weight on the point until it passes.

Since the claim of the United States is not time barred, summary judgment may not be granted. Whether liability exists presents a triable issue of fact.

The motion is denied. Counsel shall confer with each other, and shall appear before the Court on June 14, 1985 in Courtroom 705 at 9:30 A.M., at which time an agreed pre-trial schedule should be presented orally to the Court for approval.

So Ordered.