HELEN RICHMOND, Plaintiff-Appellant, v. BLOSSOM BLAIR, Defendant (IMAC Realty, Inc., a/k/a Quinlan & Tyson, Inc., *et al.*, Defendants-Appellees).

First District (4th Division)    No. 84—2156

Opinion filed November 27, 1985.—Rehearing denied December 20, 1985.

Jerome C. Brezinsky, of Baskin, Server, Berke & Weinstein, of Chicago, for appellant.

Arvey, Hodes, Costello & Burman, of Chicago (Donald F. Spak, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Helen Richmond, appeals from an order of the circuit court of Cook County dismissing her third amended complaint containing amended counts II and III of her previous complaint against defendants, IMAC Realty, Inc., realtors, formerly known as Quinlan & Tyson, Inc. (hereinafter referred to as Quinlan & Tyson), and Dorothy Valko, one of its brokers. The court dismissed the counts as being substantially insufficient in law, in violation of section 2—615(a) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—615(a)).

We reverse and remand.

Plaintiff alleged that on October 16, 1981, she visited and examined the home of Blossom and David Blair, at 4242 West Birchwood Avenue, Skokie. Plaintiff further alleged that at that visit Dorothy Valko, a real estate broker with Quinlan & Tyson, gave plaintiff a tour of the house, including the basement. Plaintiff alleged that while in the basement of the house, the following conversation took place:

> "Dorothy Valko said to plaintiff: 'Please don't walk on the basement floor in the extra bedroom. It has just been painted because there was a problem with water coming in.'
>
> Plaintiff asked Dorothy Valko: 'Is the basement sound and free of water problems?'
>
> The response of Dorothy Valko was: 'There was a problem with water seepage in the past, but the problem has been completely corrected.'

Plaintiff then stated to Dorothy Valko: 'I want to be sure that if I buy this house that there will not be water or flood problems.'

The response of Dorothy Valko was: 'You can feel secure and confident with the home. It will be totally free of water leaks or seepage.' "

Plaintiff further alleged that based on the statements of defendants Blair and Valko she bought the home. Soon after the purchase, she discovered that the basement flooded and leaked after each heavy rainfall or melting of snow, and that she spent $6,646.38 to eliminate the flooding and leakage.

Plaintiff filed her original complaint on February 23, 1982. Count I proceeded only against Blair, alleging that she breached several warranties in the purchase contract. In count II, plaintiff alleged that Blair's realtor, Quinlan & Tyson, acting through its employee, Valko, made representations about the basement, upon which plaintiff relied to her detriment.

On June 30, 1982, the trial judge allowed plaintiff to file an amended complaint to include count III, which added Valko as a defendant and sought relief solely against her. Defendants Quinlan & Tyson and Valko asked the trial court to dismiss the amended complaint because (1) it contained more than one cause of action per count, contrary to section 2—603(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—603(b)); (2) Valko owed no duty of investigation to a prospective buyer; and (3) plaintiff's damages were purely economic and, therefore, not recoverable in tort. On November 3, 1982, the trial court dismissed plaintiff's amended complaint, but granted her leave to replead.

Plaintiff filed her second amended complaint on November 16, 1982. Defendant Quinlan & Tyson and Valko asked the trial court to dismiss this complaint for the same reasons that they asked the court to dismiss the previous amended complaint. The trial court dismissed counts II and III of plaintiff's second amended complaint and granted her leave to file another pleading.

Plaintiff filed her third amended complaint on November 10, 1983, which was comprised of new counts II and III against defendants Quinlan & Tyson and Valko. The third amended complaint read the same as the second amended complaint except for more specific allegations of Valko's representations. Defendants Quinlan & Tyson and Valko moved to strike and dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure, claiming that the complaint contained the same deficiencies as the second amended complaint. The

trial court, on August 9, 1984, struck the third amended complaint, finding that counts II and III were substantially insufficient in law, and dismissed with prejudice Quinlan & Tyson and Valko. The court expressly found that there was no just reason to delay the enforcement or appeal of its order. Count I, naming Blair as a defendant, remains in the trial court. Plaintiff appeals the order pursuant to Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)).

■■ The purpose of pleadings is to present, define and narrow the issues, and limit the proof needed at trial. Pleadings are not intended to erect barriers to a trial on the merits but instead to remove them and facilitate trial. The object of pleadings is to produce an issue asserted by one side and denied by the other, so that a trial may determine the actual truth. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 307-08, 430 N.E.2d 1005, 1008.) Courts should liberally construe pleadings, and a motion to dismiss admits all facts well pleaded. In considering a motion to dismiss, however, courts are to construe pleadings strictly against the pleader. The purpose of attacking defects in pleadings is to point out the defects so that the complainant will have an opportunity to cure them before trial. The granting of a motion to strike and dismiss is within the sound discretion of the trial court. *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 586, 440 N.E.2d 1022, 1025.

I

■■ ■ Plaintiff claims the trial court erred in finding that her third amended complaint was substantially insufficient at law. Explaining this pleading requirement, our supreme court stated:

"To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. [Citations.] Second and unlike Federal practice, the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed. [Citation.]" (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009.)

Plaintiff contends that she set forth a legally recognized claim against defendants for intentional misrepresentation and one for negligent misrepresentation.

In an action for intentional misrepresentation, a plaintiff must al-

lege "(1) that defendant made a statement, (2) of a material nature as opposed to opinion, (3) untrue, (4) known by the person making it to be untrue, *** or made in culpable ignorance of its truth or falsity, (5) relied upon by the victim to his detriment, (6) made for the purpose of inducing reliance, and (7) such that the victim's reliance led to his injury." (*Gordon v. Dolin* (1982), 105 Ill. App. 3d 319, 324, 434 N.E.2d 341, 345.) In an action for negligent misrepresentation, a plaintiff must allege the necessary elements of an action for negligence: a duty owed by defendant to plaintiff, a breach of that duty and injury proximately resulting from such breach. There can be no recovery in tort for negligence unless the defendant breached a duty owed to the plaintiff. (*Lyons v. Christ Episcopal Church* (1979), 71 Ill. App. 3d 257, 259, 389 N.E.2d 623, 625.) The existence of a duty is a question of law to be determined by the court. *Lindquist v. Highland Park Hospital Foundation* (1976), 40 Ill. App. 3d 722, 725, 353 N.E.2d 156, 158.

Defendants contend that the trial court correctly found that plaintiff's third amended complaint was substantially insufficient at law because they owed to plaintiff no duty of independent investigation and because her damages were purely economic and, thus, not recoverable in tort.

Defendants rely on *Lyons v. Christ Episcopal Church* (1979), 71 Ill. App. 3d 257, 389 N.E.2d 623, for their claimed absence of a duty to plaintiff. The Illinois Appellate Court for the Fifth District held in *Lyons* that a seller's realtor has no duty to a prospective buyer to independently substantiate the seller's representations, *i.e.*, representations that the realtor made to the buyer on the seller's behalf. (71 Ill. App. 3d 257, 259.) Defendants argue that they were mere conduits, as plaintiff alleged, passing along to plaintiff statements about the basement that the seller made to them. Thus, defendants argue, according to *Lyons*, they owed no duty to plaintiff to independently investigate the seller's statements about the basement.

*Lyons*, however, involved an action for only *negligent* misrepresentation; that court expressly distinguished actions for *intentional* misrepresentation, stating that "[t]he rule we follow would permit a finding of fault only in situations where the real estate agent knew or should have known that the representation might be false." (*Lyons v. Christ Episcopal Church* (1979), 71 Ill. App. 3d 257, 260, 389 N.E.2d 623, 625.) Plaintiff pleaded the required elements for intentional misrepresentation: that Valko made material statements about the basement; that they were untrue; that Valko recklessly made the statements with disregard for their truth or falsity; that she relied on the

statements to her detriment; that Valko made the statements to induce her reliance; and that her reliance on Valko's statements led to her costs of repairing the basement.

Subsequent to the appellate court's decision in *Lyons*, our supreme court rendered its decision in *Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 432 N.E.2d 849. In *Sawyer*, the court held that realtors occupy a position of trust with respect to prospective buyers with whom they are negotiating and owe a duty to exercise good faith in their dealings with such buyers, even absent an agency relationship between the realtor and the buyer. (*Sawyer Realty Group, Inc. v. Jarvis Corp.* (1982), 89 Ill. 2d 379, 385-86; see also *Lyons v. Christ Episcopal Church* (1979), 71 Ill. App. 3d 257, 262, 389 N.E.2d 623, 626 (Moran, P.J., dissenting).) The Appellate Court for the Second District has intimated that, based on *Sawyer*, misrepresentations of material facts made intentionally by a realtor could be the basis for a cause of action for fraud and deceit, and misrepresentations of material fact made negligently could be the basis for a cause of action for negligent misrepresentation. *Buzzard v. Bolger* (1983), 117 Ill. App. 3d 887, 891, 453 N.E.2d 1129, 1131.

■■ ■ We agree with the Appellate Court for the Second District and hold that, based on *Sawyer*, an action for intentional misrepresentation can lie against a realtor who makes an intentional or reckless misrepresentation, and that an action for negligent misrepresentation can lie against a realtor who negligently makes a misrepresentation of a material fact. Of course, a plaintiff bringing one of these actions must allege all of the required elements of the action brought. Plaintiff pleaded the required elements of negligent misrepresentation: that Valko owed a duty to her to be knowledgeable and accurate in giving her information regarding the property; that Valko breached the duty by negligently making statements about the basement without actual knowledge of their truth or falsity; and that Valko's breach of duty proximately caused her injuries. We hold that plaintiff set forth legally recognized causes of action against Quinlan & Tyson and Valko for intentional and negligent misrepresentation.

## II

Relying on *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, defendants next contend that plaintiff's damages, the costs of repairing her basement, are purely economic and, therefore, not recoverable in tort.

The *Moorman* court reasoned that the law of contracts is appropriate and sufficient to govern the economic relations between suppli-

ers and consumers of goods. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88.) The court, however, enumerated two exceptions to the general rule prohibiting recovery of economic losses in tort: economic loss is recoverable where one makes intentional misrepresentations and where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent misrepresentations. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88-89; see also *Black, Jackson & Simmons Insurance Brokerage, Inc. v. International Business Machines Corp.* (1982), 109 Ill. App. 3d 132, 440 N.E.2d 282.) Defendants contend that the case at bar falls squarely within the rule of *Moorman* and not within its exceptions.

■ We disagree. We earlier held that plaintiff pleaded a cause of action against defendant for intentional misrepresentation. Thus, plaintiff's allegations fall within the first exception to *Moorman* and the prohibition against recovery does not apply. Additionally, defendants are in the business of supplying information for the guidance of others in their business transactions; it was their business to supply information to plaintiff for guidance in her business transactions with the seller. Plaintiff's allegations, therefore, fall also within the second exception to the rule of *Moorman.*

In summation, we hold that plaintiff has pleaded legally recognized causes of action against defendants Quinlan & Tyson and Valko for intentional and negligent misrepresentations. We further hold that plaintiff's allegations fall within the two exceptions to the rule of *Moorman* which prohibits the recovery of purely economic damages in tort.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JIGANTI, P.J., and LINN, J., concur.