**SLIM FRANCIS and MARILYN d/b/a/ M & S REALTY,**
Plaintiffs

v.

**GRAHAM MILLER (CARIBBEAN) LTD., ISLAND NATIONAL
INSURANCE CO. and GRAHAM MILLER GROUP, Defendants**

Civil No. 558/90

Territorial Court of the Virgin Islands

Div. of St. Croix

September 6, 1991

LEE J. ROHN, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

IRWIN SILVERLIGHT, ESQ., Christiansted, St. Croix, V.I., *for defendants*

ELTMAN, *Judge*

## MEMORANDUM OPINION

■ The defendants Graham Miller (Caribbean) Limited and Graham Miller Group (referred to jointly hereinafter as "Graham Miller"), have moved to dismiss counts XI and XII of the plaintiffs' second amended complaint, which are the only counts of that pleading applicable to these defendants. Although they have not offered a procedural citation, the defendants apparently bring the motion under Fed. R. Civ. P. 12(b)(6), in that they contend that each count fails to state a claim upon which relief can be granted. In considering such a motion, the Court must view all factual allegations in the complaint as true and must construe the complaint liberally. Hess Oil Virgin Islands Corp. v. Ingersoll-Rand Co., 18 V.I. 327 (D.C.V.I. 1981). Only when the complaint fails to meet the liberal pleading standards of Rule 8(a) may it be dismissed for failure to state a claim. Hans Lollik Corp. v. Government of the Virgin Islands, 17 V.I. 220 (Terr. Ct. 1981).

The plaintiffs Slim Francis and Marilyn Francis allege that their property and casualty insurer, Island National Insurance Co., and its adjuster Graham Miller committed various improprieties in settling the Francis' Hugo-related claim. Graham Miller purportedly failed to promptly adjust the claim and made several material misrepresentations which induced the plaintiffs to agree to accept less than they were entitled to receive under their policy.

Count XI alleges that the plaintiffs were third party beneficiaries of an agreement between Island National Insurance Co. and Graham

185

Miller, and that Graham Miller breached its contract with Island National. The basis for Graham Miller's attack on this count is (a) that the plaintiffs would at most have been incidental, not intended, beneficiaries of any such agreement, and (b) that Graham Miller, as an adjuster, had no legal duty to the plaintiffs in any event.

■ It is black-letter law that incidental beneficiaries have no enforceable rights under a contract. Restatement (Second) of Contracts § 315. However, the second amended complaint does not allege that the plaintiffs were merely incidental beneficiaries, and the Court could not properly so find on these pleadings.[1]

■ The defendants contend that the plaintiffs must specifically allege that they were *intended* third party beneficiaries of the agreement. An agreement generally must clearly express an intent to benefit third parties, Virgin Islands Corporation v. Merwin Lighterage Co., 4 V.I. 80, 177 F.Supp. 810 (D.C.V.I. 1959). However, the notice pleading approach of the Federal Rules would not appear to require putative third party beneficiaries to specifically allege in their complaint that they were intended, as opposed to incidental, third party beneficiaries of an agreement. The defendants' assertion that Virgin Islands Corporation v. Merwin Lighterage Co., Inc., supra. requires such particularity of pleading is entirely misplaced, because that opinion does not even suggest such a rule.

■ The defendants also argue that, even if the plaintiffs were intended third party beneficiaries, Graham Miller is not liable to them for breach of contract because an insurance adjuster owes no duty to insureds in the adjustment of their claim. Hill v. Giuffrida, 608 F. Supp. 649 (S.D. Miss. 1985). As the plaintiffs point out, however, an agent may be personally liable in contract when he acts on behalf of an undisclosed principal or exceeds the scope of his authority. Restatement (Second) of Agency § 322 (1957). See also, Delaware Val Equipment Co., Inc. v. Granahan, 409 F.Supp. 1011, 1014

---

[1] In their opposition to the motion to dismiss, the plaintiffs refer to certain deposition testimony. While these references could convert the motion into one for summary judgment, that will not result in this case because the Court, as it may under Rule 12(c), excludes them from its consideration. Rule 12(c) technically permits the non-moving party to present matters outside pleadings. The effect here, however, would be rather cumbersome since the moving defendants would then be entitled to present their own evidence in reply. It seems a better practice to simply deem this a Rule 12(b) motion and leave any motion for summary judgment to the defendants' deliberate choice or the plaintiffs' initiation.

(E.D.Pa. 1976); U. S. v. Webber, 396 F.2d 381, 389, n. 18 (3rd Cir. 1968). Since there are circumstances under which the plaintiffs could prevail against Graham Miller, and because all doubts at this juncture must be resolved in favor of the plaintiffs, the motion to dismiss count XI must be denied:

■ Graham Miller also seeks the dismissal of count XII of the second amended complaint, which alleges misrepresentation. Fed. R. Civ. P. 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The pleader is required to specify the time, place and contents of the false representation, along with the identity of the person making the misrepresentation and what he obtained as a result. Tradewinds, Inc. v. Citibank, N.A., 20 V.I. 152, 160 (D.C.V.I. 1983). Here, the plaintiffs have clearly identified the person making the alleged misrepresentation, and its contents, but they have failed to specify the time and place of the false statement, or what the defendant obtained by making it.

■■ The plaintiffs, however, respond that count XII is not a claim for fraudulent misrepresentation but rather for negligent misrepresentation, which they contend does not fall under the particularity requirement of Rule 12(b). While there is a profusion of Rule 9(b) decisions involving fraud claims, very little is reported on the issue of mistake. In Kula v. J.K. Scofield & Co., 668 F. Supp. 1126 (D.C. Ill. 1987), mistake was defined as "the condition of the movant's mind which caused him to do the act from which he seeks relief". Here, the plaintiffs allege, in substance, that Graham Miller's misrepresentation, albeit negligent, induced them to compromise their insurance claim in the mistaken belief that they would receive payment within fifteen to thirty days. This would appear to be an averment of mistake. Consequently, count XII falls within the Rule 9(b) particularity requirement and is insufficiently pled. The appropriate relief, however, is not dismissal but amendment of count XII to comply with Rule 9(b). Wright & Miller, Federal Practice and Procedure, § 1300, p. 673 (1990).

Finally, the defendants contend that the claim for misrepresentation, whether fraudulent or negligent, is governed by the Restatement of Torts (Second) § 552, which provides:

> (1) One who, in the course of his business, profession, or employment, or in any other interest, supplies false information for the guidance of others in their business transactions, is subject to

liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

According to Graham Miller, the complaint must specifically allege that the defendant was in the business of supplying information for the guidance of others in their business transactions and that the defendant was engaged in that activity with the plaintiff at the time this suit arose. Graham Miller also contends that, whether or not it is specifically pled, there is no viable claim for negligent misrepresentation against a defendant who is not in the business of supplying information.

The two cases which the defendant cite do indeed support the defendant's position. Zahorik v. Smith Barney, Harris Upham Co., Inc., 664 F. Supp. 309 (N. D. Ill 1987); National Union Fire Insurance Co. of Pittsburg v. Continental Illinois Corp., 654 F. Supp. 316 (N. D. Ill. 1987). However, both of those opinions rely on Illinois common law, which, contrary to the defendant's representation, is not "generally understood and applied" by other jurisdictions which have adopted § 552.

■ Reported cases applying § 552 have involved defendants who clearly were not ordinarily in the business of supplying information: Geosearch v. Howell Petroleum Corp., 819 F.2d 521 (5th Cir. 1987) (operator of an oil well); Agrister Leasing v. A. O. Smith Harvestore Products, 869 F.2d 264 (6th Cir. 1989) (silo manufacturer); Diesel Inc. v. Trinity Industries, Inc., 655 F. Supp. 346 (S.D.N.Y 1987) (architectural firm and engineering company); Browne v. Maxfield, 663 F. Supp. 1193 (E.D. Pa. 1987) (prospective employer); North American Co. for Life & Health v. Berger, 648 F. 2d 305, rehearing denied 655 F.2d 235 (5th Cir. 1981), cert. denied 454 U.S. 1084, 102 S.Ct. 641 (1981) (psychiatrist); ViCon, Inc. v. C.M.I. Corp., 657 F.2d 768 (5th Cir. 1981) (seller of an asphalt plant). Moreover, the literal reading of § 552 does not compel the conclusion which the Illinois courts draw. Therefore, the motion to dismiss count XII of the second amended complaint therefore will also be denied.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the motion of the defendants Graham Miller (Caribbean) and Graham Miller Group to dismiss Count XI and Count XII of the second amended complaint for failure to state a claim for relief is denied; and it is further

ORDERED that the plaintiffs shall file an amended Count XII of their second amended complaint by September 20, 1991.