No. 41,933

HERMAN KUHN, *Appellee*, v. GEORGE M. SEATON and MARIETTA A. SEATON, *Appellants*.

(353 P. 2d 959)

Opinion filed July 2, 1960.

*Conrad Miller*, of Kansas City, argued the cause and was on the briefs for the appellants.

*Bill E. Fabian*, of Kansas City, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action for the recovery of money brought by plaintiff (appellee), Herman Kuhn, against defendants (appellants), George M. and Marietta A. Seaton. Defendants appeal from the trial court's order overruling their separate demurrers to plaintiff's amended petition.

The amended petition alleged that George M. and Marietta A. Seaton were president and vice president, respectively, of the Tri-City Lumber Company, Inc., as well as two of the incorporators and directors thereof; that Mr. Seaton approached plaintiff with

a proposal to borrow $25,000 for use as operating capital in the lumber company and the Sabetha Lumber Yard, and to pledge 250 shares of Class B non-voting common stock in the lumber company as security for the loan; that after extended negotiations plaintiff gave Mr. Seaton two checks dated November 9 and December 9, 1955, respectively, issued to the Tri-City Lumber Company, totaling $25,000, to be used as operating capital in the lumber company and the Sabetha Lumber Yard, and received as security for the loan 250 shares of class B common stock in the lumber company. The November 9 check was endorsed, "Tri-City Lumber Co., Inc., G. M. Seaton" and contained the notation, "This is for stock & shares in Tri-City Lumber Co., Inc. to be paid back with interest," and the December 9 check was endorsed, "Tri-City Lumber, George M. Seaton" and bore the notation, "For 50 Class B shares in Tri-City Lumber Co., to be paid back with interest."

The petition further alleged that in June, 1957, an assignment of assets of the lumber company for the benefit of creditors, which had been filed in the Wyandotte county district court, came to plaintiff's attention, and at his request he was furnished a profit and loss statement of the corporation showing the actual profits for 1956 and the projected profits for 1957, as well as a financial statement for those years; that he immediately started inquiry regarding defendants' manipulation of his loan to them and found, after legal access to their bank records, that the borrowed $25,000 had not been used as operating capital but had been diverted to and used in defendants' private operation of "building speculative houses," which were immediately heavily mortgaged to various lending institutions in Wyandotte county and thereby placed beyond his reach.

Plaintiff further alleged that defendants were not authorized to sell stock in the state of Kansas; that their issuance of the 250 shares was for the sole purpose of inducing him to lend them the $25,000, which defendants then used for purposes other than that which they represented to him, and such money was obtained under false pretenses; that defendants' manipulations between the lumber company and the Sabetha Yard and their private operation in building speculative houses were intentionally concealed by fraudulent entries in the corporations' books, by their failure to keep accurate records of the minutes of the meetings of the corporations and by their continued misrepresentation to him of the

lumber company's financial condition after his June, 1957, inquiry. Plaintiff prayed for recovery in the amount of his loan.

Defendant's separate demurrers raise the question of whether the facts stated in the petition constituted a cause of action. We said in *Shirk v. Shirk*, 186 Kan. 32, 35, 348 P. 2d 840, that it has been a long-standing rule of this court, supported by many decisions, that the allegations of a petition when tested by a demurrer are to be taken as true, the pleader being entitled to all favorable inferences that may be drawn from the facts pleaded. (*Merchant v. Foreman*, 182 Kan. 550, 555, 322 P. 2d 740.) Moreover, while good practices require the plaintiff's initial pleading to proceed on a single and definite theory, under modern code systems the pleading will be held sufficient if it states a cause of action on any theory. (*Crabb v. Swindler, Administratrix*, 184 Kan. 501, 337 P. 2d 986.)

With regard to George M. Seaton's demurrer, we are of the opinion that under G. S. 1949, 60-736 the petition met the requirements of G. S. 1949, 60-704 and, without doubt, stated a cause of action against Mr. Seaton for money had and received, and that his demurrer was properly overruled. (*North River Ins. Co. v. Aetna Finance Co.*, 186 Kan. 758, 352 P. 2d 1060.) However, defendants contend the only conclusion to be drawn from the petition is that plaintiff based his cause of action on fraud and deceit, and the petition did not allege the necessary elements of such fraud. It is our belief that with reference to Mr. Seaton defendants' contention is too narrow. The petition alleged the making, falsity and materiality of the representations, Mr. Seaton's knowledge of their falsity and his intention that they should be acted upon by plaintiff in the manner contemplated, plaintiff's ignorance of their falsity and his rightful reliance on their truth, and the resultant damage to him.

We said in *El Dorado Nat'l Bank v. Eikmeier*, 133 Kan. 412, 300 Pac. 1085, that a promise to do something in the future, by which the promisor obtained something of value, if the promisor had no intention of performing his promise at the time he made it, amounts to deceit and actionable fraud. In *Olsburg State Bank v. Anderson*, 154 Kan. 511, 515, 119 P. 2d 515, we stated that if when the representations are made respecting what is to be done in the future there is no real intention on the part of the person making such a representation to do in the future the thing represented, the then existing false intention is sufficient to form the basis of liability for

false representation. It is stated in 23 Am. Jur., Fraud and Deceit, § 24, p. 776, that a misrepresentation need not be express, but may be inferred from circumstances which are in fact equivalent to positive representation or from acts of the party.

We believe that the lower court did not err in overruling George M. Seaton's demurrer to plaintiff's petition.

Regarding the demurrer of defendant Marietta A. Seaton, it is not alleged in the petition that she made any representations which induced plaintiff to make the loan, or that Mr. Seaton acted in her behalf in obtaining the loan. The most the petition alleged was that she was the wife of George M. Seaton and a stockholder and the vice president of the lumber company. The petition failed to state a cause of action against her.

In view of what has been said, the judgment of the trial court is affirmed as to George M. Seaton and reversed as to Marietta A. Seaton.

It is so ordered.