528 P.2d 254 (1974)
Helen STALOS, Plaintiff-Appellee,
v.
John B. BOORAS, Defendant-Appellant.
No. 73-281.
Colorado Court of Appeals, Div. II.
August 7, 1974.
Rehearing Denied August 27, 1974.
Certiorari Denied December 2, 1974.
George J. Francis, Denver, for plaintiff-appellee.
*255 George G. Johnson, Jr., Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
John Booras, defendant, appeals from a judgment entered on a jury verdict awarding $13,000 to Helen Stalos, plaintiff, in a fraud action against defendant. We affirm the judgment except as to the interest allowed.
Although there is considerable conflict in the evidence, we must review the record in the light most favorable to the party who prevailed in the trial court. Gaulin v. Templin, 162 Colo. 55, 424 P.2d 377. Plaintiff, who is 78 years old, was born in Greece, subsequently moved to this country, and became an American citizen in 1940. She cannot read or write the English language. Defendant owned and operated a coffee shop in downtown Denver. In the fall of 1967, defendant hired plaintiff's nephew, James Vassos, to work in the coffee shop. Plaintiff had sponsored her nephew when he came to this country from Greece. In November 1967, defendant and plaintiff's nephew requested plaintiff to loan Vassos $8,500 which was to be the nephew's capital contribution to a proposed equal partnership between Vassos and defendant. The partnership was formed for the purpose of ownership and operation of the coffee shop. According to plaintiff's testimony, defendant represented that plaintiff's money would be "safe" because defendant had $17,000 of equity in the business. Defendant also represented that all of the equipment in the restaurant was unencumbered. In reliance on these representations, plaintiff loaned her nephew the $8,500.
The partnership was established and operated the restaurant until late December 1967, when a dispute arose between Vassos and defendant. According to plaintiff's testimony, defendant called plaintiff at this time and told her that the partnership was not working out. He stated that he would buy the nephew's interest in the partnership for $4,500, or permit the nephew to buy out his interest for the same price. Defendant again represented that if plaintiff made the additional loan to Vassos, her money would be safe. In order to protect her original investment, plaintiff loaned her nephew the additional $4,500, which was paid to defendant to purchase full ownership of the restaurant.
Vassos operated the restaurant for a very short period of time, and then for unexplained reasons, abandoned the business. Defendant, who owns an adjacent hotel, attempted to operate the restaurant for three weeks. Near the end of February, at the request of plaintiff's attorney, he turned the keys over to plaintiff.
Plaintiff then hired an accountant to help her with the bookkeeping for the restaurant. In setting up the original books, the accountant discovered that virtually all of the equipment and fixtures in the restaurant were encumbered by purchase money financing arrangements, and that the only equity in the restaurant was the initial downpayments made by defendant on the equipment. The total balance due on these debts, as of November 1967, was $16,475.
Plaintiff operated the restaurant for several months while she attempted to find a purchaser for it. The record does not indicate the manner in which plaintiff acquired title to the restaurant. During this time she incurred operating losses of $3,600. After two unsuccessful attempts, plaintiff finally sold the business in October of 1969 for $12,000, interest free, to be paid at the rate of $250 a month for four years. According to plaintiff's testimony, the entire amount of each monthly payment is applied against the debts of the restaurant, which were not assumed by the purchaser. Plaintiff testified that the total amount of the indebtedness in 1969 exceeded $12,000.
Plaintiff filed this action against defendant, alleging that defendant had fraudulently represented that his capital contribution to the partnership would be $8,500, and that on the basis of this representation, she loaned her nephew a total of *256 $13,000. She requested damages in that amount plus $3,600, which she lost in attempting to operate the business after her nephew abandoned it. The jury awarded plaintiff $13,000.
Defendant contends that the complaint is defective because it does not allege misrepresentations of existing or past material facts, and that therefore the trial court erred in refusing to grant his motion to dismiss the complaint for failure to state a claim upon which relief could be granted. We do not agree.
Plaintiff's complaint includes the following allegations:
"The Defendant represented that his capital contribution would be equal to the first loan to be made by the Plaintiff to her nephew, James G. Vassos, in the sum of $8,500.00. In truth and in fact, the Defendant was not making and did not make and has not made any such equal contribution toward the capital of the partnership.
. . . . . .
The Plaintiff was induced by the false representation that the Defendant was making, or would make, an equal contribution toward the capital of said partnership. . . .
The representations made by Defendant to Plaintiff . . . were material representations of fact; which representations were false, as a matter of fact; which representations the Defendant knew to be false at the time he made them to the Plaintiff . . . ."
These allegations are sufficient to form the basis of a cause of action for fraud. In effect, plaintiff's complaint alleges a representation by defendant that he had a present intention to contribute an equal share to the partnership, but, at that time, defendant knew such representation was false. A promise concerning a future act, when coupled with a present intention not to fulfill the promise, can be a misrepresentation which is actionable as fraud. Kuhn v. Seaton, 187 Kan. 106, 353 P.2d 959; see Caldwell v. Tilford, 90 Ariz. 202, 367 P.2d 239; Steiger v. Commerce Acceptance, 455 P.2d 81 (Okl.). The trial court was therefore correct in denying the motion to dismiss.
We note that Colorado Jury Instructions 19:13 is in direct contradiction to this holding. That instruction is not a correct statement of modern law and henceforth should not be used in fraud cases. The instruction was submitted to the jury in this case but the giving of it was not reversible error because if favored the defendant and therefore was not prejudicial to his case.
Defendant next contends that the court erred in denying his motion to add James Vassos, plaintiff's nephew, as an indispensable party or to dismiss the action for failure to join an indispensable party. We do not agree. Plaintiff's allegations related solely to the alleged fraud of defendant, not of Vassos. If, as the jury found, plaintiff was induced to loan money to her nephew on the basis of defendant's misrepresentations, defendant is liable for damages she suffered thereby, regardless of the actions of her nephew. See C.R.C.P. 19; Gooddale v. Middaugh, 8 Colo.App. 223, 46 P. 11.
Defendant also alleges that his motion for a directed verdict, made at the close of plaintiff's case, should have been granted because plaintiff failed to establish each element of fraud by clear and convincing evidence.[1] We need not encumber this opinion with a detailed recital of the evidence. It suffices to say that there is amply evidence in the record to sustain plaintiff's burden of proof.
Another argument of defendant is that the trial court erred in admitting testimony by plaintiff to the effect that defendant represented to her, at the time each loan for Vassos was solicited, that he *257 had $17,000 of equity in the business. Defendant contends that this evidence goes beyond the issues alleged by plaintiff in her complaint and agreed upon by the parties in their pretrial statement. We do not agree.
This testimony was admissible for two reasons. First, it does not expand the allegations in plaintiff's complaint that defendant represented he would make a capital contribution to the partnership of $8,500. A statement by defendant to plaintiff that he had $17,000 of equity amounts to a representation that plaintiff's nephew would be purchasing one-half of the capital of the business by paying defendant $8,500. Second, defendant himself testified that he had told plaintiff he had $17,000 of equity in the business.
Defendant's final specification of error relates to the instruction given to the jury, based on Colorado Jury Instructions 19:18, on the measure of damages. Defendant urged this instruction on the trial court as the proper measure of damages, to which the trial court agreed. However, defendant contended at trial that plaintiff had presented no evidence of the actual value of the restaurant or the value it would have had if defendant's representations had been true. Therefore, according to defendant, the instruction, although correct in substance, should not have been given and defendant's motion for a directed verdict should have been granted because plaintiff failed to prove damages. The record supports the conclusion of the trial court that plaintiff had presented evidence from which the jury could determine the difference in values.
The parties have agreed on appeal that the trial court erred in awarding interest on the judgment from the date of the filing of the complaint. Holland Furnace Co. v. Robson, 157 Colo. 347, 402 P.2d 628; Moreland v. Austin, 138 Colo. 78, 330 P.2d 136.
The judgment of the trial court is affirmed in all respects except for the award of interest. The cause is remanded for a determination of the issue of interest only.
SILVERSTEIN, C. J., and COYTE, J., concur.
NOTES
[1] The cause of action in this case accrued prior to July 1, 1971, and therefore is not governed by 1971 Perm.Supp., C.R.S.1963, 52-1-28.