616 P.2d 154 (1980)
FIRST NATIONAL BANK IN LAMAR, Plaintiff,
v.
Tom COLLINS aka Thomas H. Collins, formerly d/b/a Western Auto Associates and/or Western Auto Associate Store and/or Southeast Yamaha, now d/b/a Prowers Hardware and Sporting Goods, Defendants-Appellants,
v.
WESTERN AUTO SUPPLY COMPANY, Defendant-Appellee,
v.
YAMAHA INTERNATIONAL CORPORATION; Malleable Iron Range Company; the Mohawk Rubber Company; Berns Wholesale Sporting Goods Co., Inc.; Yamaha Parts Distributors, Inc.; SCD, Inc. Wholesale Distributors; Geneva Mosher as the Public Trustee of Prowers County, Colorado; State of Colorado; and United States of America; Beverly J. Collins, Defendants.
No. 79CA0711.
Colorado Court of Appeals, Div. I.
April 24, 1980.
Rehearing Denied May 15, 1980.
Certiorari Denied August 11, 1980.
*155 Andersen & Gehlhausen, P. C., John Gehlhausen, and Carl M. Shinn, Lamar, for defendants-appellants.
Ireland, Stapleton & Pryor, P. C., James C. Ruh, Gregory A. Loken, Denver, for defendant-appellee.
COYTE, Judge.
Defendant, Tom Collins, appeals from the trial court judgment dismissing four of the claims for relief contained in his cross claim against defendant Western Auto Supply Company (Western Auto). We affirm in part and reverse in part.
The case as originally filed named both parties as defendants and concerned foreclosure on a deed of trust of which Collins was the grantor. Collins executed the deed of trust to finance the operation of a Western Auto Supply Associate store which he owned pursuant to an agreement with Western Auto.[1] The cross claim arose out of the transactions between Tom Collins and Western Auto concerning the opening and operation of his store. The cross claim contained five claims for relief: negligent misrepresentation; fraud; outrageous conduct; breach of fiduciary duty; and indemnity. On Western Auto's motion to dismiss the cross claims, the court dismissed all of the claims except for the fraud claim and entered a C.R.C.P. 54(b) order.
A claim for negligent misrepresentation has been recognized in a number of states. See cases cited in Restatement of Torts § 552 (Supp.1965). It was discussed in Birkenmayer & Co. v. Homestead Minerals, 32 Colo.App. 258, 510 P.2d 449 (1973). We now adopt the rationale of Restatement (Second) Torts § 552 (1976), which sets forth the following elements necessary to state a claim for relief in negligent misrepresentation.
"(1) One who, in the course of his business profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
"(2) . . . the liability stated in subsection (1) is limited to loss suffered (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it . ...
In Collins' claim for the negligent misrepresentation, he alleges that pursuant to a Western Auto magazine advertisement, he contacted the company regarding the *156 possibility of owning an associated store; Western Auto supplied an agent to assist him in setting up the business; Western Auto's agent negligently made various incorrect statements to Collins regarding the organization of the store, inventory to be carried, and projected profits; relying on the misrepresentations, he became an owner of the store; and the misrepresentations of the company and its agents caused the damages prayed for.
Viewing these allegations as true, we conclude that Collins has sufficiently stated a claim for which relief may be granted. See Denver & Rio Grande Western R. R. v. Wood, 28 Colo.App. 534, 476 P.2d 299 (1970). Thus, it was error for the trial court to dismiss the claim based upon negligent misrepresentation.
Collins argues that the court erred by dismissing the outrageous conduct claim. We disagree.
An individual commits the tort of outrageous conduct if, by extreme and outrageous conduct, he intentionally or recklessly causes severe emotional distress to another. Rugg v. McCarty, 173 Colo. 170, 476 P.2d 753 (1970). It is for the trial court to determine, in the first instance, whether reasonable men could differ as to the outrageousness issue. Meiter v. Cavanaugh, 40 Colo.App. 454, 580 P.2d 399 (1978). Here, the allegations of this claim for relief are substantially the same as those of the negligent misrepresentation claim. Viewing the allegations in a light most favorable to Collins, we agree with the trial court that reasonable men could not characterize Western Auto's conduct as atrocious and utterly intolerable in a civilized community. See Rugg v. McCarty, supra. Since this claim is clearly not sustainable, it was properly dismissed. See Nelson v. Nelson, 31 Colo.App. 63, 497 P.2d 1284 (1972).
Collins next argues that the court erred by dismissing the breach of fiduciary duty claim. Again, we disagree. Taking the allegations of the claim for relief as true, we conclude that Collins has alleged no facts upon which a fiduciary relationship could be based. He does not allege any agency, prior business, professional, confidential, or family relationship with Western Auto which might have induced him to relax the care and vigilance he would ordinarily exercise in dealing with a stranger. See United Fire & Casualty Co. v. Nissan Motor Corp., 164 Colo. 42, 433 P.2d 769 (1967). Thus, the trial court properly dismissed this claim for relief.
Collins properly concedes that his claim for indemnity is dependent upon the existence of a fiduciary relationship between the parties. See Ringsby Truck Lines, Inc. v. Bradfield, 193 Colo. 151, 563 P.2d 939 (1977). In view of our conclusion regarding the lack of such a relationship, the claim for indemnity was also properly dismissed.
The judgment is affirmed as to the dismissal of the claims of outrageous conduct, breach of fiduciary duty and indemnification. It is reversed as to the dismissal of the cross claim for negligent misrepresentation, and the cause is remanded to the district court for reinstatement of Collins' cross claim for negligent misrepresentation.
SMITH and KELLY, JJ., concur.
NOTES
[1] The contract entered into between the parties was not before the trial court and is not properly before us.