Charles O. REDIES, Plaintiff,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Nationwide Mutual Fire Insurance Company, Nationwide General Insurance Company, and Nationwide Property and Casualty Insurance Company, Defendants.

Civ. A. No. 87–B–115.

United States District Court,
D. Colorado.

April 14, 1989.

Raymond J. Connell and Linda S. Comer, Hall & Evans, Denver, Colo., for plaintiff.

Herbert A. Delap, Stutz, Dyer, Miller and Delap, Denver, Colo., for defendants.

MEMORANDUM ORDER
AND OPINION

BABCOCK, District Judge.

This matter is before the Court on defendants' (Nationwide) motion for partial sum-

mary judgment. Oral argument will not materially assist the Court in the resolution of this motion. The motion is granted in part and denied in part.

The action was originally filed in the Denver District Court. It was removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b). Jurisdiction is invoked pursuant to 28 U.S.C. § 1332.

This case arises out of plaintiff's business relationship as an insurance agent for Nationwide. Before joining Nationwide, plaintiff operated an independent insurance agency selling insurance policies through several insurance companies. In 1984, while still operating his independent insurance agency, plaintiff began writing some policies through Nationwide. In 1985 Nationwide decided to open a regional office in Denver. Plaintiff and Nationwide discussed Nationwide's expansion plans and plaintiff's role in that expansion.

On March 24, 1986 plaintiff entered into an exclusive agency contract with Nationwide. Pursuant to that agreement, plaintiff terminated his agency agreements with all other insurance companies and began selling insurance exclusively through Nationwide. Problems then developed between plaintiff and Nationwide and in September 1986, Nationwide terminated plaintiff's employment. Thereafter, plaintiff filed this action for damages based on a statutory wage claim under § 8–4–101, C.R.S. (1986 Repl.Vol. 3B), false representation, non-disclosure or concealment, negligent misrepresentation, interference with contracts, and breach of contract. Nationwide moves for summary judgment on all claims except the statutory wage claim.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Summary judgment is appropriate when the Court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Matsushita, supra.* The non-moving party *must* present evidence sufficient so that a reasonable juror could find for him. The standard is whether the non-movant has presented evidence which is persuasive enough for a reasonable juror to rule in its favor. *Id.* Further, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex, supra.*

## I. Fraud and Misrepresentation

Nationwide contends that plaintiff's claims for fraud, false representation, non-disclosure or concealment, and negligent misrepresentation must fail because plaintiff cannot prove that Nationwide made any representations as to past or existing material fact. They also contend that any representations made concerned future events and are not actionable. I disagree.

The elements of fraud are:

(1) a false representation of a material existing fact, or a representation as to a material existing fact made with a reckless disregard of its truth or falsity; or a concealment of a material existing fact that in equity and good conscience should be disclosed;

(2) knowledge on the part of the one making the representation that it is false; or utter indifference to its truth or falsity; or knowledge that a material fact concealed in equity or good conscience should be disclosed;

(3) ignorance on the part of the one to whom representations are made or from whom such fact is concealed, of the falsity of the representation or of the existence of the fact concerned;

(4) the representation or concealment is made or practiced with the intention that it shall be acted upon; and

(5) action on the representation or concealment resulting in damage.

*Morrison v. Goodspeed,* 100 Colo. 470, 477–78, 68 P.2d 458, 462 (1937). Also, "a promise concerning a future act, when cou-

pled with a present intention not to fulfill the promise, can be a misrepresentation which is actionable as fraud." *Stalos v. Booras,* 34 Colo.App. 252, 256, 528 P.2d 254, 256 (1974).

A claim for negligent misrepresentation is cognizable in Colorado based on the following elements:

(1) one who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information;

(2) .... the liability stated in subsection (1) is limited to loss suffered by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it....

*First Nat'l Bank in Lamar v. Collins,* 44 Colo.App. 228, 616 P.2d 154 (1980). Research fails to reveal any Colorado case which applies the tort of negligent misrepresentation to an employer's misrepresentations about the future conditions of employment. However, other courts have applied this tort to such misrepresentations. *See Abdulrahim v. Gene B. Glick Co., Inc.,* 612 F.Supp. 256 (N.D.Ind.1985); *Berry v. Playboy Enterprises, Inc.,* 195 N.J. Super. 520, 480 A.2d 941 (1984).

■ This Court concludes that plaintiff's claims for fraud, false representation, nondisclosure or concealment, and negligent misrepresentation may be maintained based on representations regarding future conditions of employment.

■ Plaintiff alleges that Nationwide misrepresented that:

1. Nationwide would not limit or cap the number of their insurance policies that plaintiff could sell;

2. Nationwide would provide excellent underwriting service to agents and clients by quoting policy premiums in thirty (30) days or less;

3. Nationwide's policy premiums would be competitive or below the market rates charged by other insurance companies selling similar insurance policies in the Denver market; and

4. Nationwide expected plaintiff to sell no less that 93% of his direct written premiums in the commercial property and casualty lines.

The parties' pleadings, exhibits, depositions, and affidavits reflect significant factual dispute concerning these alleged representations. Accordingly, there being genuine issues of material fact and Nationwide not being entitled to judgment as a matter of law, summary judgment on the claims for fraud, false representation, non-disclosure or concealment, and negligent misrepresentation is improper. *Matsushita, supra.*

## II. Breach of Contract

### A. *Implied covenant of good faith and fair dealing*

■ Next, Nationwide moves for summary judgment on plaintiff's breach of contract and wrongful termination claims arguing that Colorado does not recognize an implied covenant of good faith and fair dealing in the employment context. I agree.

"An implied covenant of good faith and fair dealing found in some commercial contracts does not extend to at-will employment contracts." *Farmer v. Central Bancorporation, Inc.,* 761 P.2d 220 (Colo.App. 1988), *cert. denied,* September 6, 1988; *Pittman v. Larson Distributing Co.,* 724 P.2d 1379 (Colo.App.1986). These opinions are well reasoned and there is no persuasive authority that the Colorado Supreme Court would decide the issue differently. *See Daitom, Inc. v. Pennwalt Corp.,* 741 F.2d 1569 (10th Cir.1984).

Accordingly, to the extent that plaintiff's claims of breach of contract and wrongful termination are based on an implied covenant of good faith and fair dealing, Nationwide is entitled to summary judgment as a matter of law.

## B. *Employment manual*

Plaintiff also asserts that he has a claim for breach of contract and wrongful termination based on provisions of Nationwide's compensation and security handbook (CASH manual). Summary judgment is also proper as to this claim.

An employment manual can supplement an employment contract and limit the employment at-will doctrine. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo. 1988). Thus, an employee "originally hired under a contract terminable at will may be able to enforce termination procedures in an employee manual under one of [two] alternative theories." *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo. 1987).

Under ordinary contract principles, the employee must show that in promulgating termination procedures, the employer was making an offer to the employee and the employee's initial or continued employment constitutes acceptance of those procedures. *Id.* In order to prevail on the related but distinct promissory estoppel theory, an employee must establish that the employer should reasonably have expected the employee to consider the employee manual as a commitment from the employer to follow its termination procedures, and injustice can be avoided only by the enforcement of the manual's termination procedures. *Id.* Express disclaimers in an employee manual which negate the existence of a contract claim based on provisions in the manual are given effect. *See Castiglione v. Johns Hopkins Hosp.,* 69 Md.App. 325, 517 A.2d 786 (1986); *Woolley v. Hoffman–La Roche, Inc.,* 99 N.J. 284, 491 A.2d 1257 (1985).

■ Here, the employment contract states that an "agent's employment hereunder ... may be terminated at will by the Companies or by the agent by mailing or delivering to the other written notice of termination." Although the CASH manual sets forth in general terms conduct which could result in termination, it contains no termination procedures. It states that "the carrier agent's agreement gives either party, the company as well as the agent, the right to cancel the agreement at any time, for any reason, with or without cause." The CASH manual also contains a disclaimer that "[p]olicies contained in this manual [are] not intended to create nor [are] ... to be considered to constitute a contract."

Under these undisputed facts, as a matter of law, the CASH manual gave rise to no contract upon which a breach of contract claim could be based and it modified the employment contract in no way. Additionally, under these circumstances there is no basis for a claim based on principles of promissory estoppel.

■ Plaintiff also attempts to ground his claim on a sales management policies manual. This manual is used by management personnel. It is not the type of employee manual or handbook contemplated in *Continental* that could modify an existing employment at-will contract. Moreover, plaintiff admits that he never knew of the manual until after he commenced this action. Hence, any claim based on this management policy manual must also fail.

## III. Interference with Contract

■ Nationwide further moves for summary judgment on plaintiff's claim of tortious interference with a prospective business advantage. Summary judgment is denied as to this claim.

Plaintiff asserts that Nationwide improperly interfered with his independent agency contracts by inducing *him,* through misrepresentations, to give up these contracts with other insurance carriers through whom he sold insurance. Plaintiff's claim is actually one for intentional interference with another's performance of *his own* contract. Restatement (Second) of Torts § 766A.

Restatement (Second) of Torts § 766A provides:

> One who intentionally and improperly interferes with the performance of a contract ... between another and a third person, by preventing the other from performing the contract ... is subject to liability to the other for the pecuniary loss resulting to him.

Colorado has adopted Restatement (Second) of Torts § 766B. (Intentional Interference with Prospective Contractual Relation). *See Dolton v. Capitol Federal Sav. and Loan Ass'n,* 642 P.2d 21 (Colo.App. 1981). However, Colorado has not yet addressed § 766A. Considering the Colorado appellate courts' reliance on Restatement (Second) of Torts provisions, *see e.g., Trimble v. City and County of Denver,* 697 P.2d 716 (Colo.1985) (§§ 766 and 767); *Memorial Gardens, Inc. v. Olympian Sales & Management Consultants, Inc.,* 690 P.2d 207 (Colo.1984) (§§ 766–768); *Dolton, supra* (§ 766B), it is likely that § 766A would be adopted by the Colorado courts in a case such as this.

Accordingly, summary judgment is denied because there are genuine issues of material fact on this claim, and Nationwide is not entitled to summary judgment as a matter of law. *See Matsushita, supra.*

IV. Exemplary Damages

Finally, Nationwide moves for summary judgment on plaintiff's claim for exemplary damages.

Exemplary damages are only available in Colorado by statute. *Kaitz v. District Court,* 650 P.2d 553 (Colo.1982). Pursuant to § 13–21–102, C.R.S. (1987 Repl.Vol. 6A), exemplary damages are only available for tortious conduct, not for breach of contract claims. *Mortgage Finance, Inc. v. Podleski,* 742 P.2d 900 (Colo.1987). Exemplary damages may be based on a claim for fraud. *See Fitzgerald v. Edelen,* 623 P.2d 418 (Colo.App.1980) (award of punitive damages upheld on claim of fraudulent representation).

In this case, plaintiff's claims of fraud, misrepresentation, and negligent misrepresentation survive defendants' motion for summary judgment. Therefore, Nationwide's motion for summary judgment on exemplary damages is denied.

IT IS THEREFORE ORDERED that defendants' MOTION FOR SUMMARY JUDGMENT on plaintiff's claims based on false representation, non-disclosure or concealment, negligent misrepresentation, tortious interference with contract, and exemplary damages is DENIED; defendants'

motion is GRANTED on plaintiff's claim for breach of contract.