**COLORADO NATIONAL BANK OF DENVER, a national banking association, Plaintiff,**

v.

**ADVENTURA ASSOCIATES, L.P., a Connecticut limited partnership, Defendant.**

**Civ. A. No. 90–B–0321.**

United States District Court, D. Colorado.

Feb. 22, 1991.

Allan L. Hale, Glen E. Keller, Jr., Davis, Graham & Stubbs, Denver, Colo., for plaintiff.

David W. Furgason, Welborn Dufford Brown & Tooley, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me is defendant Adventura Associates, L.P.'s (Adventura) motion to dismiss plaintiff Colorado National Bank of Denver's (CNB) amended complaint for breach of promissory note, fraudulent misrepresentation and negligent misrepresentation. Adventura contends that the claims should be dismissed under Federal Rules of Civil Procedure 12(b)(7) and 19 because of the absence of an indispensable and unavailable party. In the alternative, Adventura seeks dismissal of the misrepresentation claims for failure to state a cause of action.

Because Adventura has not satisfied the requirements of Rule 19, I deny the motion to dismiss the complaint. CNB failed to allege all the essential elements of its fraudulent and negligent misrepresentation claims, however I deny the alternative motion to dismiss the second and third claims provided CNB files within twenty days an amended complaint that corrects the deficiencies.

CNB alleges in its amended complaint that Adventura was organized to acquire and operate a mall in Florida. In December, 1988, CNB approved a $10,000,000 line of credit for Integrated and its related entities. Adventura executed and delivered a promissory note in late January, 1989 to CNB in the amount of $10,000,000.

CNB alleges that at the time the advance on the line of credit to Adventura was requested, the loan officer at CNB was told by a representative of Adventura that all of Adventura's existing indebtedness to CNB would be retired when Adventura obtained permanent financing for the mall. Catherine Marcus of Adventura later confirmed this in a letter to James Idema of CNB.

In March, 1989, CNB issued $7,000,000 to Adventura under the promissory note. In April, 1989, Adventura made a payment to CNB leaving a balance of $2,500,000 due on the promissory note. CNB alleges that although Adventura obtained permanent financing and CNB requested payment in full on the promissory note, Adventura failed to pay.

In its first claim for relief, CNB alleges that Adventura is in breach of the promissory note. In its second and third claims for relief, CNB alleges that Adventura fraudulently and negligently misrepresented that it would pay the indebtedness to CNB when it obtained permanent financing in order to induce and did induce CNB to make the loan to Adventura. CNB seeks damages for its economic losses. Both parties agree that, pursuant to the promissory note, Colorado substantive law applies to this controversy.

## I. INTEGRATED AS AN INDISPENSABLE PARTY

Adventura argues first that dismissal is appropriate under Federal Rules of Civil Procedure 12(b)(7) and 19 because Integrated is unavailable to be joined as a party and is indispensable. The parties agree that because Integrated has filed for bankruptcy under Chapter 11 of the Bankruptcy Code, CNB cannot join Integrated as a party to this action. *See* 11 U.S.C. § 362(a); *Pioneer Commercial Funding Corp. v. United Airlines, Inc.*, 122 B.R. 871 (S.D.N.Y.1991). The parties disagree, however, on whether Integrated is an indispensable party.

To show that Integrated is an indispensable party, Adventura must first establish that Integrated falls within the description found in Rule 19(a). Integrated is necessary under Rule 19(a) if

(1) in [Integrated's] absence complete relief cannot be accorded among [CNB and Adventura], or (2) [Integrated] claims an interest relating to the subject of the action and is so situated that the disposition of the action in [Integrated's] absence may (i) as a practical matter impair or impede [Integrated's] ability to protect that interest or (ii) leave [CNB or Adventura] subject to a substantial risk of incurring double, multiple, or otherwise in-

consistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a).

Adventura must then establish that in "equity and good conscience" the action should be dismissed. Fed.R.Civ.P. 19(b). Factors to determine whether suit should be dismissed include, but are not limited to

first, to what extent a judgment rendered in [Integrated's] absence might be prejudicial to [CNB or Adventura]; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in [Integrated's] absence will be adequate; fourth, whether [CNB] will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b); *see City of Littleton v. Commercial Union Assurance Cos.*, 133 F.R.D. 159 (D.Colo.1990). I will not apply the four factors mechanically. *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 878 (10th Cir.1981).

### A. *Necessity: the Rule 19(a) Test*

Adventura argues that Integrated's interests are so intertwined with the transactions at issue here, that Integrated's absence jeopardizes Integrated's ability to protect those interests. *See* Fed.R.Civ.P. 19(a)(2)(i). First, Adventura contends that Integrated was intimately involved with the loan transactions from the beginning. Second, Integrated agreed to act as Adventura's Guarantor of the loans to Adventura. Third, Adventura argues that this action, absent Integrated, would adversely affect the administration of Integrated's estate.

I cannot agree with Adventura that these considerations position Integrated as a necessary party. Indeed, the situation here is common. CNB is suing on a promissory note. That Integrated was involved in the loan process and agreed to act as the Guarantor does not make Integrated necessary. There is no reason to believe that CNB could not, but for Integrated's bankruptcy, first sue Adventura on the promissory note and then proceed against Integrated.

Furthermore, I am not persuaded that Integrated's interests in the bankruptcy proceeding will be so prejudiced as to make Integrated a necessary party in this proceeding. It may be, as Adventura argues, that CNB will not be able to collect from Adventura and will be forced to seek recovery from Integrated only. That is an issue for later determination, however.

### B. *Indispensability: the Rule 19(b) Test*

Even assuming that Integrated is a necessary party under Rule 19(a)(2)(i), however, I conclude that the equitable and pragmatic considerations inherent in the four factors specified in Rule 19(b) do not favor Adventura.

#### 1. Prejudicial effect on the Parties and Integrated

Adventura contends that dismissal will not deprive CNB of a forum for its claims because CNB's "right to obtain recoveries it seeks are available if at all only from Integrated under the Guaranty...." Adventura Brief at 15. That relief, Adventura contends, must be obtained through the bankruptcy proceeding. This argument is predicated on the assertion that the promissory note does not provide any recourse against Adventura by CNB. On the record here and the posture of the pleadings, I cannot conclude that the promissory note is not enforceable against Adventura. Consequently, it is premature to rule that CNB would not be prejudiced by eliminating this forum for relief against Adventura.

#### 2. Fashioning Relief to Minimize Prejudice

Adventura argues that because CNB seeks relief beyond the amount of the promissory note, presumably in the form of punitive damages, proceeding with this action would prejudice Adventura and would be inconsistent with the duties under the promissory note. It is difficult to see, however, how the fact that Adventura may be liable beyond the value of the promissory note is a form of prejudice. That a defendant is charged with liability is not the type of prejudice with which this factor is con-

cerned. Rather, the type of prejudice contemplated is, for example, duplicitous liability and inconsistent equitable sanctions. Furthermore, to the extent Adventura is not liable beyond the value of the promissory note, I can easily fashion a remedy, in the form of reduced damages, to conform and minimize any prejudice resulting from the imposition of liability.

### 3. Adequacy of Remedy

Adventura argues that Integrated and its creditors would be affected adversely by this action if Adventura were found liable on the promissory note. The argument runs that because Integrated is the Guarantor on the promissory note, a ruling unfavorable to Adventura would act as persuasive precedent in a subsequent proceeding against Integrated, even if the doctrine of issue preclusion did not apply. According to Adventura, the impact of the ruling would extend to other Integrated-sponsored partnerships in which Integrated acts as a Guarantor. This, in turn, will prejudice the creditors of Integrated and the reorganization effort. This argument overlooks the fact that CNB's action here is independent from any action against Integrated. Adventura is not under the protection of the bankruptcy laws. That its Guarantor is so protected does not block Adventura's creditors from proceeding to obtain relief from Adventura.

### 4. Adequate Remedy

Adventura reiterates its arguments that Integrated's bankruptcy proceeding should halt CNB's actions here. Adventura asserts that CNB should line up with other creditors of Integrated to collect on the promissory note. As I have held previously, however, CNB is not here attempting to collect from Integrated as a creditor of Integrated. Rather, CNB seeks relief from Adventura. There is no concern that an adequate remedy could not be fashioned here.

## II. MISREPRESENTATION CLAIMS

Alternatively, Adventura moves to dismiss Integrated's claims for fraudulent misrepresentation and negligent misrepresentation. Dismissal under Rule 12(b)(6) is proper when it is evident from the plaintiff's complaint that the defendant is not liable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss for failure to state a claim, I must assume all facts alleged in the complaint are true and "indulge all reasonable inferences in favor of the plaintiffs." *Weatherhead v. Globe Int'l, Inc.,* 832 F.2d 1226, 1228 (10th Cir.1987); *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. Furthermore, I "should not dismiss a complaint pursuant to [Rule] 12(b)(6) unless 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Weatherhead,* 832 F.2d at 1228 (quoting *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102).

### A. *Fraudulent Misrepresentation*
#### 1. Rule 9(b)

██ Adventura contends that the claim for fraud is not stated with sufficient particularity under Federal Rule of Civil Procedure 9(b). I disagree. CNB does more than simply assert fraud. Indeed, the amended complaint even references a letter confirming that Adventura would pay the loan once Adventura obtained permanent financing. The Amended complaint specifies the date of the letter, its author and recipient. This is enough to put Adventura on notice of the fraud allegation.

#### 2. Intention of Future Action

██ Adventura argues that actionable fraud is based on misrepresentation of fact, not intentions concerning future actions. Adventura admits that a promise to perform an act coupled with a present intention not to so perform is actionable. *Stalos v. Booras,* 34 Colo.App. 252, 528 P.2d 254, 256 (1974). Adventura contends that the amended complaint fails to allege that at the time it promised to retire the loan with CNB when permanent financing was procured, Adventura lacked the intention not to do so. I agree. Nowhere in the complaint is this essential allegation made. This can be cured easily by amendment.

Although CNB has already amended once, I discern no prejudice to the parties by granting CNB leave to amend again. As such, I will grant CNB twenty days to amend the complaint to correct the pleading deficiency on its fraudulent misrepresentation claim.

### B. *Negligent Misrepresentation*

Adventura contends that the claim for negligent misrepresentation should be dismissed because CNB fails to allege two of the essential elements of the claim: (1) Adventura is in the business of supplying the type of information on which the claim is based and (2) Adventura supplied the information to CNB for CNB's use in a business transaction with an entity other than Adventura.

Both parties agree that Colorado has adopted the formulation of the claim for negligent misrepresentation in the Restatement (Second) of Torts. *Miami Int'l Realty Co. v. Paynter*, 841 F.2d 348, 353 (10th Cir.1988); *First Nat'l Bank v. Collins*, 616 P.2d 154, 155–56 (Colo.App.1980).

> (1) One who in the course of his business profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) ... the liability stated in subsection (1) is limited to loss suffered (a) by the persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it....

Restatement (Second) of Torts, § 552 (1976).

#### 1. The Business of Supplying Information

■ CNB concedes that an element of its claim for negligent misrepresentation is that Adventura was in the business of supplying information of the type relied on. *But see Rosales v. AT & T Info. Sys. Inc.*, 702 F.Supp. 1489, 1499–1501 (D.Colo.1988). CNB contends, however that the complaint is sufficient to allege that Adventura was in such a business. I agree.

Whether a defendant is in the business of supplying information is a fact-bound query. There are certain defendants who are obviously in the business of supplying information, such as stockbrokers and real estate brokers, and others who are just as clearly in the business of supplying tangible ware. *See Rankow v. First Chicago Corp.*, 870 F.2d 356, 364 (7th Cir.1989) (Illinois law); *see also University of Illinois v. First Am. Nat'l Bank*, No. 87 C 7044 (N.D. Ill. Apr. 17, 1989), 1989 WL 39791 (LEXIS Genfed library, Dist file). Just where Adventura fits in this spectrum is impossible to determine at this early stage of the proceedings. Thus, I cannot conclude that CNB could show no set of facts showing that Adventura was in the business of providing information.

#### 2. Business Transaction with One Other than Adventura

■ The Restatement and Colorado authority are unclear whether an element of a claim for negligent misrepresentation is that the information be supplied for use in a transaction not involving the defendant. There is substantial support, however, for the existence of such a requirement.

Illinois has adopted the Restatement's formulation of negligent misrepresentation. *See Zahorik v. Smith Barney, Harris Upham & Co.*, 664 F.Supp. 309, 313 (N.D.Ill. 1987). There is much case law in Illinois state courts and federal courts applying Illinois law supporting the proposition that to state a claim for negligent misrepresentation, a plaintiff must allege that the defendant supplied the information to assist the plaintiff in a business transaction with a third party. *Oldenburg v. Hagemann*, 159 Ill.App.3d 631, 111 Ill.Dec. 329, 512 N.E.2d 718 (1987), *appeal denied*, 118 Ill.2d 546, 117 Ill.Dec. 226, 520 N.E.2d 387 (1988); *Grass v. Homann*, 130 Ill.App.3d 874, 85 Ill.Dec. 751, 474 N.E.2d 711, 714 (1984); *Knox College v. Celotex Corp.*, 117 Ill.App.3d 304, 72 Ill.Dec. 703, 706, 453

N.E.2d 8, 11 (1983); *Rankow*, 870 F.2d at 362–63; *Mutuelle Generale Francaise Vie v. Life Assurance Co.*, 688 F.Supp. 386, 399 (N.D.Ill.1988); *Kaushal v. State Bank*, No. 82 C 7414 (N.D.Ill. Oct. 24, 1988), 1988 WL 116542 (LEXIS Genfed library, Dist file); *National Can Corp. v. Whittaker Corp.*, 505 F.Supp. 147, 150 (N.D.Ill.1981).

Under Illinois law, it is not enough that the information was supplied in furtherance of a business transaction with the defendant. *Craig v. First Am. Capital Resources, Inc.*, 740 F.Supp. 530, 540 (N.D. Ill.1990); *QO Acquisition Corp. v. The Julien Co.*, No. 88 C 6050 (N.D.Ill. Feb. 8, 1990), 1990 WL 16459 (LEXIS Genfed library, Dist file); *Franch v. Smith Barney, Harris Upham & Co.*, No. 83 C 3765 (N.D. Ill. Aug. 12, 1987), 1987 WL 16029 (LEXIS Genfed library, Dist file); *Loziuk v. Smith Barney, Harris Upham & Co.*, No. 86 C 3293 (N.D.Ill. Oct. 24, 1986), 1986 WL 12324 (LEXIS Genfed library, Dist file); *Riordan v. Smith Barney, Harris Upham & Co.*, No. 84 C 3216 (N.D.Ill. June 30, 1986), 1986 WL 7653 (LEXIS Genfed library, Dist file); *Black, Jackson & Simmons Ins. Brokers, Inc. v. International Business Mach.*, 109 Ill.App.3d 132, 64 Ill. Dec. 730, 732, 440 N.E.2d 282, 284 (1982). *But see Bachmeier v. Bank of Ravenswood*, 663 F.Supp. 1207, 1224 (N.D.Ill.1987) (and cases cited therein); *Herbert Friedman & Assoc. v. Lifetime Doors, Inc.*, No. 85 C 6305 (N.D.Ill. June 29, 1987), 1987 WL 13418 (LEXIS Genfed library, Dist file) (and cases cited therein). Cases in Iowa likewise support the proposition that the claim is limited to plaintiffs who use the information in a transaction with a third party. *See, e.g., Meier v. Alfa–Laval, Inc.*, 454 N.W.2d 576, 581 (Iowa 1990).

The claim of misrepresentation is limited by this requirement because for most pecuniary damages resulting out of business transactions there are adequate remedies available under the law of sales and contract. *Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 756, 435 N.E.2d 443, 453 (1982); *Zahorik*, 664 F.Supp. at 313 n. 3. Although the existence of alternative forms of relief sounding in contract and fraud does not always preclude a claim for negligent misrepresentation, *see United States Welding v. Burroughs Corp.*, 587 F.Supp. 49, 50–51 (D.Colo.1984), in this context "[a]llowing parties to circumvent their contract remedies by recovering pecuniary losses under a tort theory would frustrate the ability of contracting parties to allocate the risk of loss and, therefore, would undermine the certainty in commercial practices." *Gerdes v. John Hancock Mut. Life Ins. Co.*, 712 F.Supp. 692, 699 n. 8 (N.D.Ill.1989). Thus, the so-called "economic loss rule" has arisen providing that where purely economic losses are at issue, tort remedies are limited.

This case is precisely the type in which the "economic loss rule" is appropriate. Both parties are business enterprises dealing at arms length through contractual arrangements. CNB seeks recovery for its economic losses arising from the arrangement and makes no claims otherwise. Clearly CNB has other remedies to recover on the promissory note. Indeed, CNB has asserted two such paths to relief: one under contract theory, the other based on fraud. I find no rationale under Colorado law for diluting the certainty of the contractual relationship between the parties by introducing and expanding the tort of negligent misrepresentation in this context.

The economic loss rule was adopted by the Colorado Court of Appeals in *Jardel Enter., Inc. v. Triconsultants, Inc.*, 770 P.2d 1301, 1303–05 (Colo.App.1988). The court held that "where only economic losses are incurred by breach of a contractual duty, we reject the assertion that the non-breaching party has a negligence cause of action because to hold otherwise would permit that party to avoid the contractual limitation of remedy." *Jardel*, 770 P.2d at 1304. Although the court also recognized that the tort of negligent misrepresentation is an exception to the economic loss rule, the set of situations where a defendant may be held liable under both theories is small. "Professionals, such as attorneys and accountants, who communicate representations with the knowledge that the information is to be relied on by others may

be subject to both tort and contract liability for economic loss if third parties rely on their negligent misrepresentations made in the course of rendering a service pursuant to a contract." *Jardel*, 770 P.2d at 1304–05.

Other Colorado case law is consistent with this requirement. *See, e.g., Robinson v. Poudre Valley Fed. Credit Union*, 654 P.2d 861 (Colo.App.1982). The only case cited by CNB, *Collins*, is no exception. There the Colorado Court of Appeals adopted the Restatement formulation of negligent misrepresentation and allowed Collins' claim against Western Auto for negligent misrepresentation based on the following allegations:

> [P]ursuant to a Western Auto magazine advertisement, [Collins] contacted [Western Auto] regarding the possibility of owning an associated store; Western Auto supplied an agent to assist him in setting up the business; Western Auto's agent negligently made various incorrect statements to Collins regarding the organization of the store, inventory to be carried, and projected profits; relying on the misrepresentations, he became an owner of the store; and the misrepresentations of the company and its agents caused the damages prayed for.

*Collins*, 616 P.2d at 155–56. Because in *Collins* the action originated out of an action by a bank concerning the foreclosure on a deed of trust of which Collins was the grantor, *Collins* may be read consistently with the requirement that the misrepresentation was made with respect to a transaction involving parties other than the defendant. Nor is *Redies v. Nationwide Mut. Ins. Co.*, 711 F.Supp. 570 (D.Colo.1989), to the contrary. The issue was not raised in that dispute.

Furthermore, Colorado Jury Instruction 9:3B(3), explicitly states that to find negligent misrepresentation a jury must conclude that "[t]he defendant gave the information to the plaintiff for the (guidance) (use) of the plaintiff in a business transaction with a person other than the defendant." Colo. Jury Instruc. Civ.3d 9:3b.

Given the policy interests in maintaining the integrity of the law of contract, I conclude that the Colorado Supreme Court would follow the elements of negligent misrepresentation set forth in *Jardel* and Colorado Jury Instruction 3d 9:3b. I reject CNB's plea that I expand the scope of Colorado's negligent misrepresentation claim by so blending the law of tort and contract. CNB must plead that the information supplied to it by Adventura was used in a business transaction between CNB and a third party.

Adventura urges that I dismiss the claim with prejudice as this is the second complaint. As research revealed, however, this is a rare issue under Colorado law. Furthermore, I discern no prejudice by allowing amendment. As such, I will grant CNB twenty days to amend the complaint to correct the pleading deficiency on its negligent misrepresentation claim.

Accordingly, it is ORDERED THAT

(1) Adventura Associates, L.P.'s motion to dismiss Colorado National Bank of Denver's first claim for relief is DENIED;

(2) Adventura Associates, L.P.'s motion to dismiss Colorado National Bank of Denver's second claim for relief is DENIED provided that Colorado National Bank files a second amended complaint in conformance with this Order within twenty days;

(3) Adventura Associates, L.P.'s motion to dismiss Colorado National Bank of Denver's third claim for relief is DENIED provided that Colorado National Bank files a second amended complaint in conformance with this Order within twenty days.