2007 OK CIV APP 94

Christopher STEHM, Plaintiff/Appellant,

v.

The NORDAM GROUP, INC., Defendant/Appellee.

No. 104,000.

Court of Civil Appeals of Oklahoma, Division No. 1.

May 18, 2007.

Certiorari Denied Sept. 17, 2007.

---

Charles C. Vaught, Armstrong & Lowe, P.C., Tulsa, OK, for Plaintiff/Appellant.

Stephen L. Andrew, Renee Williams, D. Kevin Ikenberry, ANDREW, Williams & Ikenberry, Tulsa, OK, for Defendant/Appellee.

ROBERT DICK BELL, Judge.

¶1 Plaintiff/Appellant, Christopher Stehm, a former employee of Defendant/ Appellee, The Nordam Group, an aerospace company (Employer), brought this action against Employer for fraudulent misrepresentation and concealment of client information during the hiring/recruiting process.[1] The trial court sustained Employer's motion for summary judgment finding no genuine issues of material fact existed and therefore, Employer was entitled to judgment as a matter of law. We reverse and remand for further proceedings.

¶2 Appellant was employed by Gardner Denver. In the summer of 2002, Employer's upper management began recruiting Appellant to become controller of Employer's Interior & Structures Division (Division). During the recruitment process, Appellant was interviewed by Richard Armstrong, the Vice President of the Division. Appellant testified

---

1. Appellant also stated a claim for promissory estoppel which he dismissed with prejudice.

that when he asked Armstrong about Employer's financial stability and future in the airline industry, Armstrong assured him the Division was financially secure due in part to the substantial revenue generated under a contract with Gulf Stream aircraft. Under this contract, the Division built cabinets for Gulf Stream's G200 luxury private jet aircraft. Appellant testified he relied upon these assurances to terminate his existing employment and accept Employer's employment offer.

¶ 3 Within a few days after beginning his new employment, Appellant learned Gulf Stream had previously terminated its contract with Employer. He also learned Armstrong was aware of this information during the recruitment process. Appellant remained employed for eight months until he was terminated by Employer on March 20, 2003.

¶ 4 In 2004, Appellant filed the instant tort action against Employer. Employer denied any wrongdoing and affirmatively claimed Appellant failed to mitigate damages and waived his fraud claim. After the completion of discovery, Employer sought summary judgment. Employer's motion alleged it was entitled to judgment as a matter of law because (1) Appellant failed to produce evidence that he was fraudulently induced to accept employment with Employer; (2) Oklahoma law does not impose a duty upon an employer to disclose sensitive client information to a prospective employee; (3) Appellant had no expectation of continued employment because he was an at-will employee; (4) Appellant failed to produce evidence of harm or damages; and (5) Appellant waived his right to pursue this action by remaining employed for eight months after discovery of the alleged fraud.

¶ 5 In response, Appellant attached evidentiary materials revealing disputed issues of material fact concerning each of the elements of actual fraud and fraudulent concealment. He also cited various authorities in support of his assertion that Employer had the duty to disclose to its potential employee the known information that a key contractual relationship affecting the prospective employee's job had been terminated and Em-

ployer's non-disclosure of that material information was a breach of that duty. With respect to Employer's affirmative defenses, Appellant attached case law supporting his claim that continued employment after discovery of the fraud did not constitute waiver of fraud because he performed his duties without seeking additional consideration. Appellant further alleged his continued performance mitigated his damages.

¶ 6 Without discussing any reasons therefore, the trial court sustained Employer's motion for summary judgment. Appellant appeals from that order. This matter stands submitted without appellate briefs on the trial court record. *See* Rule 13, *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp.2003, Ch. 15, App.

¶ 7 This Court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,* 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Coop., Inc.,* 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.* When the evidence in the present case is viewed under this standard, we find genuine issues of material fact preclude summary judgment in Employer's favor.

¶ 8 Appellant first contends the trial court erred in determining that Oklahoma Law does not recognize an at-will employee's right to bring an action against an employer for fraudulent concealment and/or misrepresentation during the hiring process. Neither party cited nor did independent research uncover Oklahoma case law specifically recognizing the instant cause of action. However, other states have recognized this cause of action. *See Berger v. Security Pacific Information Systems, Inc.,* 795 P.2d 1380 (Colo. App.1990); *Redies v. Nationwide Mut. Ins. Co.,* 711 F.Supp. 570, 572 (D.Colo.1989)("This

Court concludes that plaintiff's claims for fraud, false representation, non-disclosure or concealment, and negligent misrepresentation may be maintained based on representations regarding future conditions of employment."); *Meade v. Cedarapids, Inc.*, 164 F.3d 1218 (9th Cir.1999)(Under Oregon law, an employee's at-will status did not defeat the employee's claim that the employer misrepresented its financial situation and future growth to induce the employee to work for employer.) *Wildes v. Pens Unlimited Co.*, 389 A.2d 837 (Me.1978); *Stewart v. Jackson & Nash*, 976 F.2d 86 (2nd Cir.1992)(recognizing a claim under New York law for fraudulent inducement in hiring); *Palmer v. Beverly Enters.*, 823 F.2d 1105, 1113 (7th Cir. 1987); *Lazar v. Superior Court*, 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981 (Cal.1996)(holding a claim for fraudulent inducement to accept employment was actionable where the employer's misrepresentations were made prior to hiring, when the employer lacked coercive power over the prospective employee and the prospective employee was free to decline the offered position.)

¶ 9 Generally, these cases recognized a tort claim against an employer for misrepresentations made to induce acceptance of employment by focusing on the employees' circumstances preceding the at-will employment relationships and the inducements and decisions leading to employment. *See* also Richard P. Perna, Deceitful Employers: Common Law Fraud as a Mechanism to Remedy Intentional Employer Misrepresentation in Hiring, 41 Willamette L.Rev. 233 (2005).

¶ 10 *Berger* recognized an action brought by a terminated employee against the former employer for fraudulent concealment of a substantial known risk that a project for which the employee was being hired would be discontinued in the near future. *Berger* held the employer had a duty to disclose to the prospective employee facts that "in equity or good conscience should be disclosed." *Berger*, 795 P.2d at 1383, *quoting Eckley v. Colorado Real Estate Comm'n*, 752 P.2d 68 (Colo.1988).

¶ 11 Although not in the employment context, the Oklahoma Supreme Court recognized a similar duty in *Varn v. Maloney*, 1973 OK 133, 516 P.2d 1328. There it held "It is equally well settled that the concealment of material facts which one is bound under the circumstances to disclose, may constitute fraud." *Id.* at ¶ 18, 516 P.2d at 1332 (citation omitted).

A duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth. One conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud, even though his statement is true as far as it goes, since such concealment is in effect a false representation that what is disclosed is the whole truth.

*Id. quoting Deardorf v. Rosenbusch*, 1949 OK 117, 206 P.2d 996.

¶ 12 We adopt *Berger's* reasoning and holding and extend the duty to an Oklahoma employer to assure the information disclosed to a prospective employee during the pre-hiring/recruitment process is not false or misleading. This duty is not vitiated by Appellant's at-will employment status because Appellant did not challenge his termination from employment. Instead, Appellant alleged he was induced to leave his secure job with Gardner Denver by Employer's misrepresentation during hiring. "An employer's right to terminate an at-will employee without cause does not protect the employer from liability for fraud in inducing the employee to accept employment." *Berger*, 795 P.2d at 1384.

¶ 13 Appellant next challenges the trial court's determination to sustain the motion for summary judgment on the basis that he was unable to prove any elements of his fraud claim. In Oklahoma, the elements of actionable fraud are (1) the defendant made a material representation that was false, (2) he knew when he made the representation that it was false, (3) he made it with the intention that it should be acted upon by plaintiff, and (4) plaintiff acted in reliance upon it and thereby suffered detriment. *Silk v. Phillips Petroleum Co.*, 1988 OK 93, ¶ 12, 760 P.2d 174, 176–77. Fraud is a question of fact to be determined by a jury upon the presentation of evidence of each element of fraud. *Id.* at ¶ 13, 760 P.2d at 177.

¶14 In order to state an action for fraudulent misrepresentation and/or concealment in hiring, we hold the plaintiff must show (1) the employer misrepresented or concealed a material fact during the hiring process, (2) the employer had knowledge of the falsity of the fact or lacked reasonable grounds for believing it to be true, (3) the employer intended to induce the employee's reliance, (4) the employee justifiably relied upon the misrepresentation, and (5) damages resulted. *Berger,* 795 P.2d at 1385.

¶15 As to the first three elements, the deposition testimony and other documentary evidence in the record clearly raise questions of fact as to whether Employer's upper management intended and did indeed induce Appellant to accept employment with Employer by falsely representing the existence of a key contractual relationship with Gulf Stream. We recognize Armstrong testified in his deposition that he informed Appellant of the loss of the Gulf Stream contract. However, another manager involved in the hiring process readily admitted he failed to mention the loss of this contract to Appellant. This evidence clearly raises a dispute as to whether a misrepresentation or concealment of fact indeed occurred and where such evidence is conflicting, the existence or nonexistence of such fraud is a question of fact for the jury. *Tice v. Tice,* 1983 OK 108, 672 P.2d 1168.

¶16 The elements of materiality and justifiable reliance also are met by Appellant's evidence. Appellant produced evidence that the existence of this key contractual relationship with Gulf Stream (which actually did not exist) was material to his decision to leave his existing employment to take the job with Employer. We recognize Employer disputed whether the non-disclosure of this client information was material to Appellant's decision to accept Employer's offer of employment and whether Appellant justifiably relied upon such misrepresentation/concealment. However, the existence of this dispute did not warrant the entry of a judgment in Employer's favor as a matter of law. Instead, such disputed issues raised questions of fact for a jury.

¶17 As to the final element of damages, Appellant produced evidence that as a result of the alleged fraud, he sustained a set-back in his career, incurred financial losses and had difficulty securing another job due to the short length of employment at Employer. This evidence sufficiently raised genuine issues of material fact which precluded summary judgment in favor of Employer.

¶18 In the trial court proceeding, Employer claimed Appellant affirmatively waived his right to assert his fraud claim because he remained employed for approximately eight months after he learned of the fraudulent misrepresentation/concealment. For his third proposition, Appellant challenges Employer's waiver defense. This challenge has merit. There appears no evidence in this record that Appellant affirmatively ratified his continued employment under new terms or subject to additional benefits after discovering the alleged fraud. Instead, the record shows Appellant simply performed his employment obligations under the terms originally negotiated and agreed upon prior to his discovery of the alleged fraud. *See Steiger v. Commerce Acceptance of Okla. City, Inc.,* 1969 OK 78, 455 P.2d 81. Consequently, we do not agree Appellant waived his fraud claim as a matter of law.

¶19 Because we find Employer owed a duty to Appellant under the facts of this case and there was evidence that Appellant was induced to commence employment in reliance upon Employer's specific assurance about the existence of a key contractual relationship-which actually did not exist-we hold the trial court erred in granting summary judgment to Employer. The trial court's order sustaining Employer's motion for summary judgment is accordingly reversed and this case is remanded for further proceedings. Because we reverse the trial court's judgment in favor of Employer, it is unnecessary to address Appellant's fourth and fifth propositions of error.

¶20 REVERSED AND REMANDED.

HANSEN, P.J., concurs, and BUETTNER, J., concurs in result.